613 A.2d 48

**BEDFORD COUNTY CHILDREN AND
YOUTH SERVICES, Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 14, 1992.

Decided June 29, 1992.

Publication Ordered Sept. 21, 1992.

128

Barry R. Scatton, for appellant.

Linda M. Gunn, for intervenor/respondent.

Before McGINLEY, and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Bedford County Children and Youth Services (CYS) petitions for review of an order of the Department of Public Welfare, Office of Hearings and Appeals (DPW) which adopted the recommendation of the hearing officer sustaining the appeal of C.M. and recommending expungement of an indicated report[1] of child abuse. We affirm.

On April 24, 1989, W.W., the natural mother of J.M., born December 26, 1981, filed a report with CYS alleging J.M. had

1. An "indicated report" is defined as "a report made pursuant to this chapter if an investigation by the child protective service determines that substantial evidence of the alleged abuse exists based on any of the following: (1) Available medical evidence. (2) The child protective service investigation. (3) An admission of the acts of abuse by the parent of a child or person responsible for the welfare of the child." See 23 Pa.C.S. § 6303.

been sexually abused by her father,[2] C.M., during a visitation that occurred on the weekend of April 8, 1989. On May 22, 1989, CYS filed an indicated report of sexual abuse naming C.M. as perpetrator. C.M. then requested expungement of the indicated report. After the request was denied, hearings before an administrative hearing officer were held on C.M.'s appeal on August 17, 1990 and on October 19, 1990. The hearing officer recommended expungement of the indicated report of abuse. After DPW adopted the recommendation of the hearing officer in its entirety, CYS petitioned for review by this court.

In an appeal of this nature, our scope of review is limited to a determination of whether substantial evidence exists to support the necessary findings of fact, whether there has been an error of law, or whether constitutional rights have been violated. *Children & Youth Services Division, Department of Human Services, County of Northampton v. Department of Public Welfare,* 103 Pa.Commonwealth Ct. 616, 520 A.2d 1246 (1987). In the context of child abuse expungement proceedings, "substantial evidence" is defined as evidence which "so preponderates in favor of a conclusion that it outweighs, in the mind of the factfinder, any inconsistent evidence and reasonable inferences drawn therefrom." *Id.* at 622–23, 520 A.2d at 1249.

In determining whether substantial evidence exists to support a finding of fact, we must give the party in whose favor the appealed decision was rendered the benefit of all reasonable and logical inferences that can be drawn from the existing evidence. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977). Here, C.M. prevailed before both the hearing officer and DPW. Our review will be conducted with this premise in mind.

CYS presents two issues for our consideration. One argument advanced by CYS is that the adjudication is not supported by substantial evidence. The hearing officer's recommendation reveals that the indicated report of child abuse

2. W.W. and C.M. were divorced February 24, 1986.

naming C.M. as perpetrator was based upon statements allegedly made by J.M. to her mother, to a CYS caseworker, to a physician, and to a counselor. As indicated by the hearing officer, J.M. was not called to testify despite the fact that she was almost 9 years old. Further, videotapes of some of the interviews with J.M. conducted by professionals were not introduced at the hearing.

The hearing officer found the testimony of C.M. and his witnesses credible. Witnesses on behalf of C.M. testified that C.M. had very little, if any, opportunity to be alone with J.M. because he worked at night and his mother had J.M. most of the time that weekend. To the contrary, the hearing officer found W.W.'s testimony not to be credible on the basis that she was hostile and harbored very bitter feelings toward C.M. and his family and because W.W. had filed a previous report alleging C.M.'s abuse of J.M. which was dropped because J.M. "didn't understand what she was supposed to say." See Adjudication of hearing officer.

Weight and credibility of evidence are matters solely within the province of the factfinder. *Children & Youth Services, Department of Human Services, County of Northampton.* We find nothing in the record to warrant a different result than that recommended by the hearing officer.

The next argument advanced by CYS is that DPW erred in adopting the decision of the hearing officer that the case of *L.W.B. v. Sosnowski,* 117 Pa.Commonwealth Ct. 120, 543 A.2d 1241 (1988) was not applicable here. In *Sosnowski,* this court established a hearsay exception in child sexual abuse expungement cases with regard to statements made by a child when describing the sexually abusive conduct. Such hearsay statements can be used to establish substantial evidence to support an indicated report of abuse if "the time, content, and circumstances" of the hearsay evidence "provide sufficient indicia of reliability." *Id.* at 133–134, 543 A.2d at 1247.

The hearing officer found *Sosnowski* distinguishable from the facts in this case because of the age of the child, 9 years

old, and because of the availability of other evidence, such as videotaped interviews, which were not submitted by CYS. CYS maintains that in its broad inception of a new rule of evidence, *Sosnowski* does not set forth any specific age parameters.

While it is true that no specific age criterion was established, in *Sosnowski* we recognized the evidentiary need "for a progressive approach to determining the facts in these cases involving the expungement of founded or indicated reports of sexual abuse *of very young children."* *Id.* at 126, 543 A.2d at 1243. (Emphasis added.) The child involved in the *Sosnowski* case was a three year old pre-schooler. When later discussing the viable use of videotaped testimony, we again referenced the evidentiary problem present when confronting "a very young or otherwise inarticulate child." *Id.* at 134, 543 A.2d at 1247.

The purpose of our decision in *Sosnowski* was to fashion a rule regarding admission of hearsay statements in cases involving young children who could not present other independent non-objectionable testimony sufficient to establish substantial evidence. Our decision was not meant to diminish or eradicate the burden of proof of the administrative agency. In an expungement case, the burden of establishing the accuracy of the indicated report still rests squarely on the child protective agency. *Lehigh County Office of Children and Youth Services v. Department of Public Welfare,* 121 Pa.Commonwealth Ct. 74, 550 A.2d 269 (1988); *Dauphin County Social Services for Children and Youth v. Department of Public Welfare,* 117 Pa.Commonwealth Ct. 305, 543 A.2d 607 (1988). We find no error was made by the hearing officer in distinguishing *Sosnowski.*

Accordingly, the order of DPW adopting the recommendation of the hearing officer as to expungement of the indicated report is affirmed.

## ORDER

AND NOW, this 29th day of June, 1992, the September 4, 1991 order of the Department of Public Welfare Office of Hearings and Appeals is affirmed.