Norman BRADY, Petitioner

v.

WORKERS' COMPENSATION AP-PEAL BOARD (MORGAN DRIVE AWAY, INC. and U.S. Specialty Ins. Co.), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 26, 2007.

Decided April 16, 2007.

Reargument Denied June 15, 2007.

**530**

Ronald T. Tomasko, Harrisburg, for petitioner.

Michael V. Brown, Harrisburg, for respondents.

BEFORE: SMITH–RIBNER, Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Norman Brady (Claimant) petitions for review from a decision of the Workers' Compensation Appeal Board (Board) which reversed in part the decision of the Workers' Compensation Judge (WCJ) insofar as the WCJ attributed liability to U.S. Specialty Insurance Company (U.S. Specialty), the alleged workers' compensation insurer for Morgan Drive Away, Inc. (Employer). We reverse the decision of the Board.

On February 25, 2003, Claimant filed a claim petition alleging that he suffered a

work-related injury on May 17, 2002, when he was attacked while making a delivery in the course and scope of his employment with Employer. Claimant served the claim petition on Employer and U.S. Specialty, the company Claimant believed was Employer's workers' compensation insurer. Neither Employer nor U.S. Specialty filed an answer.

A hearing was held on April 16, 2003. Claimant was the only party present at the hearing, as Employer and U.S. Specialty failed to appear. At the hearing, Claimant's counsel agreed to determine the identity of the insurer and the WCJ continued the case. A second hearing was held on June 9, 2003, and Claimant was again the only party present. Claimant's counsel acknowledged that he had two correspondences from U.S. Specialty, one letter denying coverage, and the other indicating an admission of coverage. Counsel indicated that he would contact the Bureau of Workers' Compensation (Bureau) to ascertain the carrier information, even though he believed it was Employer's responsibility to do so. The WCJ stated that it was Claimant's responsibility to find out who the Employer's workers' compensation carrier was and indicated that he might dismiss this case, without prejudice, due to the lack of progress in the case.

On June 13, 2003, the WCJ dismissed the claim petition without prejudice. Claimant appealed to the Board. U.S. Specialty filed a brief with exhibits before the Board. Claimant argued that the WCJ had erred in not granting the claim petition pursuant to Section 416 of the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 821 [1] and in failing to

---

**1.** Section 416 of the Act provides in pertinent part as follows:

    Within twenty days after a copy of any claim petition or other petition has been served upon an adverse party, he may file

render a reasoned decision pursuant to Section 422(a) of the Act.[2] Claimant also moved to quash the exhibits that were attached to U.S. Specialty's brief. Claimant further stated, in his notice of appeal to the Board, that the Bureau did not have a workers' compensation carrier on record for Employer.

In its decision, the Board granted Claimant's motion to quash the exhibits attached to U.S. Specialty's brief, as they were never introduced into the record before the WCJ. The Board then concluded that the WCJ failed to render a reasoned decision, as he did not make any findings of fact or conclusions of law. The Board vacated the WCJ's order dismissing Claimant's claim petition and remanded to the WCJ for further hearings and a reasoned decision on the matter.

The WCJ held the remanded hearing on October 26, 2005, and made the following relevant findings of fact:

a.) The Claimant suffered a work-related injury to his cervical spine, shoulder, arm, hand, ribs and lumbar spine;

. . .

c.) The injury was caused by a physical attack upon the Claimant's person by three (3) individuals while the claimant was making a delivery in Southington, Connecticut during the course and scope of his employment as a truck driver with his Employer;

. . .

f.) The May 17, 2002 work injury has caused the Claimant to suffer a total loss of earnings from May 18, 2002 to the present;

WCJ Decision, January 13, 2006, Finding of Fact (F.F.) No. 5a, c and f, at 1–2. The WCJ further stated in pertinent part as follows:

[T]he Claimant also submitted into evidence correspondence dated July 23, 2002 from U.S. Specialty . . . addressed to the Southington, Connecticut Police requesting a police report on the attack on the Claimant. In the body of that letter, U.S. Specialty . . . represents that "U.S. Specialty . . . is the Workers' Compensation Insurance Carrier for Morgan Drive Away." Accordingly,

with the department or its workers' compensation judge an answer in the form prescribed by the department.

Every fact alleged in a claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him. But the failure of any party or of all of them to deny a fact alleged in any other petition shall not preclude the workers' compensation judge before whom the petition is heard from requiring, of his own motion, proof of such fact. If a party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse, the workers' compensation judge hearing the petition shall decide the matter on the basis of the petition and evidence presented.

77 P.S. § 821.

2. Section 422(a) of the Act provides in pertinent part as follows:

All parties to an adjudicatory proceeding are entitled to a reasoned decision contain-

ing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The workers' compensation judge shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the workers' compensation judge must identify that evidence and explain adequately the reasons for its rejection. The adjudication shall provide the basis for meaningful appellate review.

77 P.S. § 834.

based upon the unanswered Claim Petition alleging U.S. Specialty ... as the responsible workers' compensation insurance carrier as well as the contents of the July 23, 2002 letter, leads this Judge to find, as fact, that U.S. Specialty ... was the workers' compensation insurance carrier on the risk on May 17, 2002.

WCJ Decision, F.F. No. 6, at 2. The WCJ concluded that Claimant pleaded sufficient facts to grant the claim petition for the work-related injury of May 17, 2002, which resulted in temporary total disability from May 18, 2002, to present. The WCJ granted Claimant's claim petition and ordered Employer and/or its carrier to pay Claimant's temporary total disability benefits effective May 18, 2002, to the present with interest, to pay Claimant's attorney's fees due to Employer's unreasonable contest, to pay all of Claimant's medical expenses related to the work injuries, and to pay all of Claimant's reasonable costs of litigation. U.S. Specialty appealed to the Board.

The Board reversed the award against U.S. Specialty. The Board concluded that "Claimant bore the burden to prove his entitlement to compensation, and where the representation in the July, 2002 letter was contrary to the Bureau records and uncorroborated, the evidence of record is legally insufficient to find U.S. Specialty liable as a workers' compensation carrier under the Act." Board's Decision, August 25, 2006, at 7. The Claimant now petitions our court for review.[3]

Claimant contends that we should reverse the decision of the Board because the Board erred in reversing the insurance coverage portion of the WCJ's decision, as it was supported by substantial competent evidence and in failing to hold that U.S. Specialty should have been precluded from producing any evidence regarding the insurance recovery issue. Claimant further contends that the Board's opinion and order is predicated on evidence not of record and, therefore, in the alternative, should be vacated and the matter remanded for further hearings on the issue of insurance coverage.

In *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board (Madara)*, 56 Pa.Cmwlth. 1, 423 A.2d 1125 (1981), our court determined that if an employer fails to file an answer to a claim petition or files an untimely answer, he is precluded from presenting any evidence and the matter is to be decided "on the basis of the petition and evidence presented." *Yellow Freight*, 423 A.2d at 1127, *citing*, 77 P.S. § 821.

In the present controversy, the claim petition named U.S. Specialty as the insurer for Employer. A copy of the petition was served on U.S. Specialty. Neither U.S. Specialty nor Employer filed an answer and a hearing was held before the WCJ on April 16, 2003, at which Claimant was the only party present. No testimony or evidence was presented and the hearing was continued. At the second hearing on June 9, 2003, again no testimony was taken but Claimant did present a letter addressed to the Southington Police from U.S. Specialty signed by Monica Duenas, a benefits analyst. The letter was marked as Exhibit C–01 and provides in pertinent part as follows:

> Please be advised that U.S. Specialty Insurance Co. is the Workers' Compensation Insurance Carrier for Morgan Drive Away. As such we are in receipt of

---

3. Our review is limited to determining whether constitutional rights were violated, errors of law committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

an alleged occurrence involving Norman Brady, our claimant, on 05/17/02. In order to make a determination on the claim we will need the following information:

**Copy of Police/Accident Report**

Exhibit C–01, July 23, 2002, at 1. No other evidence was admitted. The transcript of that hearing does contain a conversation between the WCJ and Claimant's counsel relating to the issue of who was the insurance carrier for Employer. However, statements and questions at a hearing do not constitute evidence and are therefore irrelevant. *Grover v. Department of Transportation, Bureau of Driver Licensing,* 734 A.2d 941, 944 (Pa.Cmwlth. 1999). U.S. Specialty had the opportunity to file an answer to Claimant's petition, but failed to do so. It cannot now come before our court, the Board or the WCJ and complain that something contained therein is untrue. That time has passed.

The only evidence before the WCJ was the Claimant's petition and the July 23, 2002, letter from U.S. Specialty to the Southington Police. In considering these items alone, there is substantial evidence to support the decision of the WCJ that U.S. Specialty was Employer's insurance carrier at the time of Claimant's injury.[4] *Yellow Freight.* Thus, the Board erred in reversing the WCJ's decision.

Accordingly, we reverse the decision of the Board.

### ORDER

AND NOW, this 16th day of April, 2007 the order of the Workers' Compensation Appeal Board in the above-captioned matter is reversed.

Judge FRIEDMAN concurs in result only.

---

4. Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan),* 132 Pa. Cmwlth.277, 572 A.2d 838 (1990). It exists only when upon examination of the whole record, the evidence, including the inferences therefrom, is found to be such that a reasonable man might have reached this decision. *Id.*