**44**

**BEAVER COUNTY CHILDREN
& YOUTH SERVICES,**
Petitioner

v.

**DEPARTMENT OF PUBLIC
WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 22, 2013.
Decided May 23, 2013.

Robert J. Masters, Beaver, for petitioner.

Mary P. Patterson, Senior Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, Judge, and SIMPSON, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

Beaver County Children and Youth Services (CYS) petitions for review of the May 11, 2012 final Order of the Department of Public Welfare's Bureau of Hearings and Appeals (Bureau) sustaining R.G.'s administrative appeal to expunge an indicated report listing him as a perpetrator of sexual abuse of his paramour's granddaughter, A.A., pursuant to the Child Protective Services Law (CPS Law), 23 Pa.C.S. §§ 6301–6386. For the reasons that follow, we affirm.

On June 11, 2007, CYS received an oral report that alleged R.G. had sexually abused A.A., his paramour's granddaughter, during the year 2005. (Administrative Law Judge Opinion and Order, Findings of Fact (F.F.) ¶¶ 2, 4.) A child protective services investigation was conducted and a timely Child Protective Services Investigation Report (CY–48) was generated. (F.F.¶¶ 5–6.) The CY–48 report stated that "A.A. disclosed that while living with her grandmother and grandmother's paramour, R.G. sexually touched her . . . ." and that R.G. was being indicated for sexual abuse.[1] (F.F. ¶ 5; see also Record Item (R. Item) 3, Exhibit C2, CY–48 report.) On June 27, 2007, CYS filed an indicated report of sexual abuse of A.A. against R.G. (F.F.¶ 7.)

By letter dated March 16, 2011, R.G. requested that the Bureau expunge the indicated report of sexual abuse. (R. Item 2, Appeal Request.) A hearing was held before Administrative Law Judge (ALJ) Sarah Flasher on October 3, 2011. Prior to the hearing, CYS filed a motion to have the case dismissed based upon an untimely appeal. (October 3, 2011, Hearing Transcript (H.T.) at 6.) At the start of the hearing, the ALJ orally denied the timeliness motion and allowed R.G. to proceed *nunc pro tunc*, on the grounds that the

---

**1.** An "indicated report" is defined under the CPS Law as "[a] child abuse report made pursuant to this chapter if an investigation by the county agency or the Department of Public Welfare determines that substantial evidence of the alleged abuse exists based on any of the following: (1) Available medical evidence. (2) The child protective service investigation. (3) An admission of the acts of abuse by the perpetrator." 23 Pa.C.S. § 6303.

"Sexual abuse or exploitation" is defined as "[a]ny of the following:
(1) The employment, use, persuasion, inducement, enticement or coercion of a child to engage in or assist another individual to engage in sexually explicit conduct.
(2) The employment, use, persuasion, inducement, enticement or coercion of a child to engage in or assist another individual to engage in simulation of sexually explicit conduct for the purpose of producing visual depiction, including photographing, videotaping, computer depicting and filming.
(3) Any of the following offenses committed against a child:
 (i) Rape.
 (ii) Sexual assault.
 (iii) Involuntary deviate sexual intercourse.
 (iv) Aggravated indecent assault.
 (v) Molestation.
 (vi) Incest.
 (vii) Indecent exposure.
 (viii) Prostitution.
 (ix) Sexual abuse.
 (x) Sexual exploitation."
23 Pa.C.S. § 6303; see also 55 Pa.Code § 3490.4.

July 13, 2007, Childline and Abuse Registry Notice sent to R.G. was defective. (H.T. at 7; *see also* R. Item 1, Notice Letter.)

CYS did not present any witnesses at the hearing regarding the June 11, 2007 CY–48 report of the alleged sexual abuse of A.A. (F.F. ¶ 8.) There was no audio or video recording of the interview by CYS of A.A. entered into evidence at the hearing. (F.F.¶ 9.) CYS did attempt to enter into evidence pages fifty (50) to seventy-nine (79) from a transcript of a December 16, 2008 hearing in a separate expunction appeal addressing allegations of physical abuse of A.A. by R.G. (H.T. at 9–12.) CYS did not present evidence to establish that A.A. was emotionally unavailable to testify. (H.T. at 11.) R.G. objected to the admission of the transcript on the grounds that sexual abuse was not before the ALJ in the December 16, 2008 hearing, and that a proper cross-examination on the issue of sexual abuse had not taken place. (H.T. at 10, 13–14.)

R.G. testified and presented the testimony of C.B., his paramour and A.A.'s grandmother, and the testimony of C.G., his paramour's daughter and A.A.'s Aunt. (H.T. at 25, 29–30, 33.)

On May 9, 2012, the ALJ issued an opinion and order recommending that the Bureau sustain R.G.'s appeal seeking to expunge the indicated report of child abuse. The ALJ concluded that the December 16, 2008 hearing transcript was inadmissible, because A.A. was not emotionally unavailable and CYS failed to advise R.G. that it intended to use the hearing transcript as evidence and failed to list the hearing transcript as an intended exhibit in the Unified Pre–Hearing Filing, as required by the Standing Practice Order for Bureau Appeals.[2] (ALJ Opinion at 9, ¶ 3.)

The ALJ also concluded that because there was no admission, no eyewitness, and no medical evidence, whether or not the appeal was sustained had to be resolved by examining the credibility of the witnesses. (ALJ Opinion at 8–9, ¶ 2.) Due to the absence of testimony from the alleged child victim and the absence of evidence to corroborate the hearsay statements of the child in the CY–48 report, the ALJ concluded that CYS failed to meet its burden of demonstrating by substantial ev-

---

**2.** Commonwealth of Pennsylvania, Department of Public Welfare, Bureau of Hearings and Appeals, Standing Practice Order (SPO), Order No. SPO–Rev–0305, November 18, 2011. Part 8: Special Rules for Child Abuse Expunctions, Rule 26: Unified Pre–Hearing Filing, provides:

(a) Parties to a Child Abuse Expunction must file a Unified Pre–Hearing Filing with the Regional Manager no later than twenty (20) days after receipt of the Hearing Scheduling Order.

(b) The Unified Pre–Hearing Filing is a single form through which each party submits an initial Witness list and an Exhibit list, requests subpoenas, and makes any pre-hearing motions.

(c) The Unified Pre–Hearing Filing shall be similar in form to the document with the same title attached hereto.

(d) The party shall fill in all relevant portions of the Unified Pre–Hearing Filing by either legible handwriting or typewritten.

(e) The party shall complete the section for the issuance of subpoenas according to the requirements of the SPO.

(f) A Party must serve a duplicate copy of the Unified Pre–Hearing Filing upon every other party to a particular child abuse expunction.

(g) After filing the Unified pre-Hearing Filing, a party may request additional subpoenas, file motions, amend witness or exhibit lists using the procedure outlined in SPO Part 5 for subpoenas, SPO Part 4 for motions, and SPO Part 7 for witness and exhibit submissions.

idence that A.A. was the victim of sexual abuse by R.G. (ALJ Opinion at 9, ¶ 4.)

Separately, the ALJ concluded that CYS failed to establish that R.G. met the definition of perpetrator as provided by the CPS Law and its implementing regulations.[3] (ALJ Opinion at 9, ¶ 5.) The ALJ found that R.G. was not the parent of A.A., that CYS had not established that R.G. was responsible for the welfare of A.A., and that the CY–48 Report established that R.G. and A.A. did not reside in the same household at the time of the report and no evidence was presented to establish that they resided in the same household at the time of the alleged abuse in or around 2005. (ALJ Opinion at 9, ¶ 5.)

■ On May 11, 2012, the Bureau adopted the ALJ's recommendation in its entirety and ordered the expunction of the indicated report listing R.G. as a perpetrator of sexual abuse of A.A. CYS appealed the Bureau's order to this Court.[4]

CYS raises three issues on appeal: (1) whether the Bureau abused its discretion when it granted R.G.'s appeal *nunc pro tunc*; (2) whether the Bureau erred in concluding that CYS failed to establish by substantial evidence that R.G. sexually abused A.A.; and (3) whether the Bureau erred in concluding that R.G. was not a "perpetrator" as defined by the CPS Law.

We note that in its brief in support of the issues raised on appeal, CYS has failed to include a single citation of authority, and while only those authorities "deemed pertinent" are required by our Rules of Appellate Procedure, *see* Pa. R.A.P. 2119(a), we do question why CYS has chosen to appeal this matter if it does not deem a single law or decision of the courts of this Commonwealth or these United States pertinent to its appeal.

CYS argues that R.G. had adequate notice of his right to appeal the indicated report of sexual abuse and that R.G.'s appeal should have been denied as untimely. CYS also contends that R.G. knew of the allegations of sexual abuse at the time of the December 16, 2008 hearing, that he could have addressed the sexual abuse allegations at that time, and that the transcript demonstrates that the notice R.G. received was not defective. CYS does not argue that the ALJ abused its discretion in excluding the transcript of the December 16, 2008, hearing from the record.

Here, the ALJ concluded that the notice failed to adequately inform R.G. that he had an absolute right to request a hearing, because the notice stated: "You *will* have the right to request a hearing." (R. Item 1, Notice Letter.) The ALJ stated on the record at the October 3, 2011, hearing that

**3.** The CPS Law defines a "perpetrator" as "[a] person who has committed child abuse and is a parent of a child, a person responsible for the welfare of a child, an individual residing in the same home as a child or a paramour of a child's parent." 23 Pa.C.S. § 6303(a); *see also* 55 Pa.Code § 3490.4. "Paramour," specifically as it relates to the definition of "perpetrator" in the CPS Law, is defined as "a person who is engaged in an ongoing intimate relationship with a parent of the child but is not married to and does not necessarily reside with the child's parent." 55 Pa.Code § 3490.4.

**4.** Our scope of review is limited to determining whether constitutional rights have been violated, whether the adjudication is in accordance with the law, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Bedford County Children and Youth Services v. Department of Public Welfare,* 149 Pa.Cmwlth. 127, 613 A.2d 48, 50 (1992). In child abuse expunction proceedings, the Bureau, as the Secretary's designee, is the ultimate finder of fact, and the ultimate arbiter of the weight to be assigned to the evidence presented. *B.B. (B.L.) v. Department of Public Welfare,* 17 A.3d 995, 1000 (Pa.Cmwlth.2011).

the Secretary of the Department of Public Welfare determined that all notices sent between February of 2006 and September 11, 2008, were defective, and as a result, all perpetrators to have received notice of their right to appeal within that time frame would be granted a hearing on the merits.[5] (N.T. at 7.)

■ A perpetrator must request that an indicated report of child abuse be amended or expunged within forty-five (45) days of being notified of the indicated report. 23 Pa.C.S. § 6341(a)(2). An exception allows perpetrators to proceed *nunc pro tunc* where he or she can demonstrate that the delay in requesting an appeal was caused by extraordinary circumstances involving fraud, a breakdown in the administrative processes, or non-negligent circumstances related to the petitioner, his counsel or a third party. *J.C. v. Department of Public Welfare*, 720 A.2d 193, 197 (Pa.Cmwlth. 1998).

■ In *C.S. v. Department of Public Welfare*, 879 A.2d 1274, 1280 (Pa.Cmwlth. 2005), this Court held that notice letters stating that a perpetrator *"may* have a right to a hearing," on whether to amend or destroy an indicated report the perpetrator believes to be inaccurate, "do not

satisfy the exacting requirements of 23 Pa.C.S. § 6338(a) and, thus, this breakdown in the administrative process entitles [perpetrator] to file a *nunc pro tunc* request for expungement under 23 Pa.C.S. § 6341(a)(2)."

The ALJ explicitly relied upon *C.S. v. Department of Public Welfare*, in concluding that R.G. was entitled to appeal *nunc pro tunc* due to inadequate notice. Inadequate notice is exactly the type of breakdown in the administrative process that satisfies the standard for a *nunc pro tunc* appeal; the ALJ did not abuse her discretion in granting R.G.'s request to proceed *nunc pro tunc*.

■ Next, CYS does not challenge the ALJ's refusal to admit into evidence the December 16, 2008 transcript, but argues in its brief to this Court that it met its burden of demonstrating that the indicated report is accurate based on the contents of that transcript. However, the fact remains that the only evidence submitted by CYS and accepted into the record was a CY–48 report with uncorroborated, and therefore redacted, hearsay statements. CYS did not present any witnesses or medical evidence. R.G. did testify, and denied that he sexually abused A.A. CYS unequivocally failed to meet its burden.

---

**5.** The CPS Law provides, in part: "Disposition of Founded and Indicated Reports. (a) General rule.—. . . . Notice given to perpetrators of child abuse and to school employees who are subjects of indicated reports for school employees or founded reports for school employees shall include notice that their ability to obtain employment in a childcare facility or program or a public or private school may be adversely affected by entry of the report in the Statewide central register. The *notice shall also inform the recipient of his right, within 45 days after being notified of the status of the report, to appeal an indicated report, and his right to a hearing if the request is denied."* 23 Pa.C.S. § 6338(a) (emphasis added). The CPS Law also provides, in part: "Review of refusal of request.—If the secre-

tary refuses the request under subsection (a)(2) or does not act within a reasonable time, but in no event later than 30 days after receipt of the request, the perpetrator or school employee *shall have the right to a hearing* before the secretary or a designated agent of the secretary to determine whether the summary of the indicated report in the Statewide central register should be amended or expunged on the grounds that it is inaccurate or that it is being maintained in a manner inconsistent with this chapter. The perpetrator or school employee *shall have 45 days from the date of the letter giving notice* of the decision to deny the request in which to request a hearing . . ." 23 Pa.C.S. § 6341(c) (emphasis added).

Finally, there is no evidence in the record to establish that R.G. is a perpetrator as defined by the CPS Law. The CY-48 report establishes that A.A. and R.G. did not reside in the same household at the time of the report, and there was no evidence offered to demonstrate that the two had resided together in 2005. R.G. is the paramour of A.A.'s grandmother, not one of A.A.'s parents. CYS also did not present any evidence to show that R.G. was responsible for the welfare of A.A.[6] The ALJ did not err in concluding that CYS failed to establish that R.G. was a perpetrator as defined by the CPS Law.

Accordingly, the final order of the Bureau is affirmed.

### ORDER

AND NOW, this 23rd day of May, 2013, the final Order of the Department of Public Welfare's Bureau of Hearings and Appeals in the above-captioned matter is AFFIRMED.

---

**6.** The CPS Law defines a "person responsible for a child's welfare" as, "a person who provides permanent or temporary care, supervision, mental health diagnosis or treatment, training or control of a child in lieu of parental care, supervision and control. The term does not include a person who is employed by or provides services or programs in any public or private school, intermediate unit or area vocational-technical school." 23 Pa.C.S. § 6303(a).