# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James S. Boanes,                          :
                    Petitioner           :
                                          :
          v.                              :     No. 894 C.D. 2017
                                          :     Submitted:  January 5, 2018
Pennsylvania Board of                     :
Probation and Parole,                     :
                    Respondent            :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  June 4, 2018**


Petitioner James Boanes (Boanes) petitions for review of a notice of decision of the Pennsylvania Board of Probation and Parole (Board), dated June 13, 2017, which notified Boanes that the Board recalculated his maximum sentence date more favorably to him as a result of Boanes's administrative appeal of a notice of Board decision, mailed December 13, 2016.  In his petition for review, Boanes seeks to challenge the Board's recalculation of his maximum sentence date, suggesting that he is entitled to an even more favorable date.  Boanes's appointed counsel, Marc T. Valentine, Esquire (Counsel), however, filed a motion to withdraw

as counsel.[1]  Counsel asserts, as expressed in his "no-merit" letter, that the issues Boanes raises in his petition for review are without merit.  We now quash Boanes's petition for review and dismiss as moot Counsel's motion to withdraw.

Because of a November 12, 1999 guilty plea, Boanes received a jail sentence with a minimum term of two years and a maximum term of seven years.  In the following years, the Board paroled and recommitted Boanes as a technical parole violator on numerous occasions, and Boanes received additional time to his sentence, stemming from subsequent convictions of a variety of criminal charges.[2]

By notice of Board decision, mailed on December 13, 2016, the Board notified Boanes that it was recommitting him to a state correctional institution because of new criminal convictions.  (Certified Record (C.R.) at 123-24.)  This notice listed Boanes's recalculated maximum sentence date as September 23, 2023.  (*Id.*)  Boanes filed a request for an administrative appeal,[3] seeking a recalculation of his maximum sentence date.  (*Id.* at 125.)  By letter mailed June 13, 2017 (Letter Decision), the Board effectively granted his administrative appeal, responding, in pertinent part:

> In your petition, you declare your new maximum date of September 23, 2023 cannot possibly be correct.  In light of

---

[1] It appears to the Court that the motion to withdraw may have been dictated but not read prior to filing, as evidenced by the numerous instances where punctuation is spelled out in word form—*e.g.*, "parentheses" instead of "(".  We strongly encourage Counsel to proofread submissions before filing.

[2] It is unnecessary for the Court to recite the full extent of the circumstances and periods of Boanes's paroles, recommitments, and convictions for purposes of disposition of the matters before us.  For that reason, the opinion focuses on the most recent actions of the Board that are relevant to the matter now before the Court.

[3] Boanes initially filed an administrative appeal on December 16, 2016.  Thereafter, Boanes filed a second timely administrative appeal on December 27, 2016, requesting that the Board disregard his previously filed administrative appeal and focus on the latter appeal filed by him.

your claim, the Board has reviewed the calculations, and discovered a clerical error in your computation that added time for prior liberty on parole, when in fact you were not previously on parole.

(*Id.* at 136.) The Letter Decision also notified Boanes that the Board would recalculate his maximum sentence date and provide him with a notice to that effect. (*Id.*) The Letter Decision included the following language: "If you wish to appeal this decision, you must file an appellate petition for review with the Commonwealth Court within thirty (30) days of the mailing date of the Board's response." (*Id.*)

By notice of decision also mailed June 13, 2017 (Notice of Board Decision), the Board notified Boanes that it had recalculated his maximum sentence date to be November 28, 2020. (*Id.* at 137.) The Notice of Board Decision did not set forth an explanation as to the basis for the newly recalculated maximum sentence date. (*Id.*) The Notice of Board Decision included language notifying Boanes that the decision involves an issue that is subject to the Board's administrative remedies process and, if he wished to appeal the decision, he must file a request for administrative relief *with the Board* within thirty days of the mailing date of the decision. (*Id.*)

Boanes then filed the instant petition for review in this Court, challenging the June 13, 2017 Notice of Board Decision, not the Letter Decision, arguing that his recalculated maximum sentence date should be May 8, 2017.[4] Boanes also requested that this Court appoint counsel to represent him. This Court issued an order, dated July 17, 2017, directing the Public Defender of Somerset

---

[4] Boanes argues that (1) the Board erred in revoking any time served while Boanes was outside of confinement, as Boanes contends that he was not "at liberty" at the time, and (2) the Board erred by changing a maximum sentence date of a judicially-imposed sentence.

3

County to represent Boanes, and Counsel then filed the subject motion to withdraw as counsel.

This matter is somewhat confusing because the Board issued two decisions mailed on June 13, 2017—the Letter Decision and the Notice of Board Decision. The Letter Decision essentially granted Boanes's administrative appeal by informing him that the Board had, in fact, incorrectly calculated his maximum sentence date as September 23, 2023. The Letter Decision, however, did not set forth the newly recalculated maximum sentence date or provide any specific information as to how the Board would recalculate the date. Although the Letter Decision instructed Boanes that an appeal of the decision should be filed with the Commonwealth Court, Boanes was not aggrieved by that decision, and, therefore, could not have appealed it. *See* Pa. R.A.P. 501. The Notice of Board Decision sets forth the Board's recalculation of Boanes's new maximum sentence date as November 28, 2020. It is the Notice of Board Decision that Boanes wishes to challenge, and Boanes must file an administrative appeal with the Board in order to challenge it. *See* 37 Pa. Code § 73.1. The Notice of Board Decision, therefore, is not a final order appealable to this Court. *See* Pa. R.A.P. 341.

In this instance, it appears that Boanes failed to file with the Board a timely administrative appeal of the Notice of Board Decision. "An appeal *nunc pro tunc* may be allowed where the delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to the appellant, his or her counsel or a third party." *H.D. v. Dep't of Pub. Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000). "Inadequate notice is [a] type of breakdown in the administrative process that satisfies the standard for a *nunc pro tunc* appeal." *Beaver*

4

*Cty. Children & Youth Servs. v. Dep't of Pub. Welfare*, 68 A.3d 44, 48 (Pa. Cmwlth. 2013). Thus, a breakdown in the administrative process due to inadequate notice of a parolee's appeal rights may be sufficient to warrant *nunc pro tunc* relief. Here, Boanes's mistaken choice of forum for his appeal may be due in large part to the Board's confusing decisions mailed on the same date and directing appeals to be filed in different forums. In fact, the Board appears to be confused as well as to the appropriate forum for such an appeal.

Accordingly, we quash Boanes's petition for review and dismiss as moot Counsel's motion to withdraw. Boanes may wish to file a request for *nunc pro tunc* appeal with the Board, challenging its recalculation of his maximum sentence date, as set forth in the Notice of Board Decision, dated June 13, 2017, as it appears to this Court that such relief may be warranted.[5]

_____

P. KEVIN BROBSON, Judge

---

[5] "In any *nunc pro tunc* appeal, the petitioner must also show that: (1) he filed his appeal shortly after learning of and having the opportunity to address his untimeliness; (2) the untimeliness is of a short duration; and (3) the [respondent] will not be prejudiced by the delay." *D.C. v. Dep't of Human Servs.*, 150 A.3d 558, 562 (Pa. Cmwlth. 2016). Thus, should Boanes wish to file a request for *nunc pro tunc* appeal with the Board, he should proceed without further delay.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James S. Boanes, : 
Petitioner : 
: 
v. : No. 894 C.D. 2017
: 
Pennsylvania Board of : 
Probation and Parole, : 
Respondent : 

## **O R D E R**

AND NOW, this 4th day of June, 2018, Petitioner's petition for review is QUASHED, and the motion to withdraw as counsel, filed by Marc T. Valentine, Esquire, is DISMISSED AS MOOT.

P. KEVIN BROBSON, Judge