K.Y.M., : **<u>SEALED CASE</u>**
        Petitioner :
         :
        v. :
         :
Department of Human Services, : No. 137 C.D. 2018
        Respondent : Submitted: December 11, 2018


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE COVEY                      FILED: January 7, 2019


      K.Y.M. petitions this Court for review of the Department of Human Services' (DHS) Bureau of Hearings and Appeals' (BHA) January 4, 2018 order dismissing K.Y.M.'s appeal. K.Y.M. presents three issues for this Court's review: (1) whether the BHA's Administrative Law Judge (ALJ) erred by concluding that K.Y.M.'s admission into the Accelerated Rehabilitative Disposition (ARD) Program was related to a recklessly endangering another person charge; (2) whether the ALJ erred by concluding that DHS' change of K.Y.M.'s status from indicated[1] to founded[2] without a hearing was valid; and (3) whether the ALJ erred by refusing to admit

---

[1] Section 6303 of the Child Protective Services Law (CPSL) defines an indicated report, in relevant part, as "a report of child abuse made pursuant to [the CPSL] if an investigation by the . . . county agency determines that substantial evidence of the alleged abuse by a perpetrator exists based . . . [on] [t]he child protective service investigation." 23 Pa.C.S. § 6303.

[2] Section 6303 of the CPSL defines a founded report, in pertinent part, as "[a] child abuse report involving a perpetrator that is made pursuant to [the CPSL], if . . . [t]here has been an acceptance into an [ARD P]rogram and the reason for the acceptance involves the same factual circumstances involved in the allegation of child abuse." 23 Pa.C.S. § 6303.

correspondence from the Monroe County Assistant District Attorney (ADA) Kimberly A. Metzger (Metzger) into evidence. After review, we affirm.

On June 17, 2016, the Monroe County Department of Children and Youth Services (CYS) received a report that K.Y.M.'s behavior placed J.Y. and T.M. at risk of harm. K.Y.M. is the biological mother of J.Y., then a 9-year-old boy, and T.M., then a 1-year-old boy. The report was based on K.Y.M. leaving her home with J.Y. and T.M. after an argument with her husband on June 17, 2016 at approximately 9:00 p.m. and walking to a neighbor's house and having the children hide unattended in the neighbor's pool while informing the neighbor that she was afraid her husband was going to kill her. *See* Certified Record (C.R.) Item 4 Ex. C-3 (Criminal Complaint, Affidavit of Probable Cause at 7-8). The neighbor retrieved the children from the pool and called the police. *Id.* K.Y.M. instructed J.Y. to walk to Walmart to ask for help. *Id.* J.Y. walked in excess of a mile and crossed a busy, four-lane highway to reach Walmart. *Id.* In the meantime, K.Y.M. placed T.M. unattended on or along a busy roadway. *Id.* A passerby found T.M. and transported him and K.Y.M. to a nearby CVS store. *Id.* As police were searching for K.Y.M. and the children near the busy roadway, they received a call that K.Y.M. was destroying merchandise and smearing sunscreen on T.M. at CVS. *Id.* The police determined that, in the course of her conduct at CVS, K.Y.M. struck and bit one employee and attempted to strike another. *Id.* K.Y.M. became combative when officers attempted to restrain her. *Id.* K.Y.M. was incarcerated until July 5, 2016, when she was released on bail.[3] *See* Reproduced Record (R.R.) at 69-70.[4]

---

[3] K.Y.M. underwent a psychiatric evaluation while she was in jail. *See* Reproduced Record (R.R.) at 70, 77. One of her bail conditions was that her contact with her children be supervised. *See* R.R. at 70, 77.

[4] K.Y.M. did not include the lower case "a" for her R.R. references despite the requirement in Pennsylvania Rule of Appellate Procedure 2132(a). However, for consistency of reference, this Court will do likewise.

CYS conducted an investigation and, on August 9, 2016, filed an indicated report naming K.Y.M. as the perpetrator of physical abuse against J.Y. "for [s]erious [p]hysical [n]eglect and [f]ailure to [s]upervise[,]" by "hav[ing J.Y.] walk a busy highway and cross over the highway to get to Walmart." R.R. at 30. CYS also filed an indicated report naming K.Y.M. as the perpetrator of physical abuse against T.M. "for [c]reating a [r]easonable [l]ikelihood of [b]odily [i]njury through [a] recent act[,]" by "put[ting T.M.] along the side of the highway in an attempt to elicit help from passersby." R.R. at 22. By notices mailed August 11, 2016, DHS notified K.Y.M. that she was listed on the ChildLine and Abuse Registry (ChildLine)[5] as a perpetrator in an indicated report of child abuse against J.Y. and T.M. *See* C.R. Item 2 (J.Y. Appeal) at 5; *see also* C.R. Item 3 (T.M. Appeal) at 5. On August 17, 2016, K.Y.M. appealed to DHS, requested a hearing and notified DHS that criminal charges were pending against her. *See* C.R. Item 2 (J.Y. Appeal) at 6; *see also* C.R. Item 3 (T.M. Appeal) at 6.

On November 10, 2016,[6] based on K.Y.M.'s June 17, 2016 conduct, ADA Metzger issued an Information charging K.Y.M. with one count each of Endangering the Welfare of Children (for having her children hide unattended in a stranger's pool and for having them on a busy roadway at night), Recklessly Endangering Another Person (for having her children on a busy roadway at night, placing the children and drivers in danger), Resisting Arrest, Disorderly Conduct (for

---

[5] ChildLine is defined as

> [a]n organizational unit of [DHS] which operates a Statewide toll-free system for receiving reports of suspected child abuse established under [S]ection 6332 of the CPSL[, 23 Pa.C.S. § 6332] (relating to establishment of [s]tatewide toll-free telephone number), refers the reports for investigation and maintains the reports in the appropriate file.

55 Pa. Code § 3490.4.

[6] K.Y.M. waived her right to a preliminary hearing on September 21, 2016.

her conduct in CVS) and Criminal Mischief (for damaging CVS merchandise and fixtures), and two counts of Simple Assault (for her treatment of the CVS employees). *See* C.R. Item 4 Ex. C-3 (Information).

After approximately eight status conferences, on June 6, 2017, ADA Metzger issued an Amended Information dropping the Endangering the Welfare of Children charge and modifying the Criminal Mischief charge. *See* C.R. Item 4 Ex. C-3 (Amended Information); R.R. at 49; *see also* R.R. at 8-9. That same day, ADA Metzger filed a motion for ARD, which the Monroe County Common Pleas Court approved, and K.Y.M. was placed on probation for two years. *See* R.R. at 38-41.

Based upon K.Y.M.'s entry into ARD, on August 23, 2017, CYS changed K.Y.M.'s status from indicated to founded. *See* C.R. Item 4 (Ex. C-1 at 8); *see also* C.R. Item 4 (Ex. C-2 at 8); R.R. at 42, 61, 72-73, 80-82. Thereafter, K.Y.M. requested a hearing. On September 11, 2017, DHS issued a rule to K.Y.M. to show cause why the matter should "go to a hearing rather than be dismissed[.]" R.R. at 42. On September 18, 2017, K.Y.M. filed an answer to the rule to show cause, therein stating that, because her ARD was "associated only with her conduct within the CVS store as it related to members of the public[,]" it was not factually related to the allegations underlying the indicated status report. R.R. at 44. K.Y.M. claimed that the Commonwealth and K.Y.M. "negotiated the entry into ARD to specifically avoid the facts related to the indicated abuse report[,]" R.R. at 45, and offered a September 11, 2017 letter from ADA Metzger in support of K.Y.M.'s position.

A hearing was conducted before the ALJ on November 20, 2017. On December 13, 2017, K.Y.M. filed a letter brief with the ALJ, wherein she requested the BHA to find in her favor on the basis that either the founded status was improper or, in the alternative, no child abuse occurred. *See* R.R. at 106-111. On January 4, 2018, the ALJ issued an adjudication recommending that K.Y.M.'s appeals be

dismissed. *See* R.R. at 123-131. By January 4, 2018 order, BHA adopted the ALJ's recommendation in its entirety. *See* R.R. at 133. K.Y.M. appealed to this Court.[7]

Initially, the "[w]eight and credibility of evidence are matters solely within the province of the factfinder." *Bedford Cty. Children & Youth Servs. v. Dep't of Pub. Welfare*, 613 A.2d 48, 50 (Pa. Cmwlth. 1992). Pursuant to Section 3490.106(c) of DHS's Regulations, "the [DHS] Secretary . . . is authorized to appoint a designee to perform her statutorily[-]assigned duties to find facts and decide whether to expunge an indicated [or founded] report." *R. v. Dep't of Pub. Welfare*, 636 A.2d 142, 145 (Pa. 1994). Accordingly, "[BHA] . . . is the ultimate finder of fact . . . ." *Id.*

Moreover, CYS has the burden of proving by substantial evidence that a child abuse report is accurate. *See* Section 3490.106(f) of DHS's Regulations, 55 Pa. Code § 3490.106(f); *see also Bucks Cty. Children & Youth Soc. Servs. Agency v. Dep't of Pub. Welfare*, 808 A.2d 990 (Pa. Cmwlth. 2002). Section 6303 of the Child Protective Services Law (CPSL) defines substantial evidence as "[e]vidence which outweighs inconsistent evidence and which a reasonable person would accept as adequate to support a conclusion." 23 Pa.C.S. § 6303. Moreover, "[i]n determining whether substantial evidence exists to support a finding of fact, we must give the party in whose favor the appealed decision was rendered the benefit of all reasonable and logical inferences that can be drawn from the existing evidence." *Bedford Cty. Children & Youth Servs.*, 613 A.2d at 50. Here, CYS prevailed before BHA and DHS.

---

[7] "This Court's standard of review on appeal from a BHA order 'is limited to determining whether the adjudication is supported by substantial evidence, whether the decision is in accordance with the applicable law, or whether constitutional rights are violated.'" *Support Ctr. for Child Advocates v. Dep't of Human Servs.*, 189 A.3d 497, 499 n.5 (Pa. Cmwlth. 2018) (quoting *Casey Ball Supports Coordination, LLC v. Dep't of Human Servs.*, 160 A.3d 278, 282 n.8 (Pa. Cmwlth. 2017)).

5

K.Y.M. first argues that the ALJ erred by concluding that K.Y.M.'s ARD admission related to the charge for Recklessly Endangering Another Person "because insufficient connection exists between the ARD acceptance and the facts involved in the allegation of child abuse." K.Y.M. Br. at 7.

Section 6303 of the CPSL provides that "if . . . [t]here has been an acceptance into an [ARD] program and the reason for the acceptance involves the same factual circumstances involved in the allegation of child abuse[,]" a child abuse report is founded. 23 Pa.C.S. § 6303. At the hearing, CYS presented its indicated and founded reports, and criminal court documents relating to K.Y.M.'s charges, including her ARD forms. K.Y.M.'s counsel suggested at the BHA hearing, and K.Y.M. asserts in her brief to this Court, that the parties intended for K.Y.M.'s admission to the ARD Program to be based only on the charges related to her behavior at CVS, so there would be no basis upon which CYS could change her indicated status to founded.[8]

However, Count 3 of the Amended Information (Docket No. CP-45-CR-2086-2016) charged K.Y.M. with Recklessly Endangering Another Person under Section 2705 of the Crimes Code[9] because

> [o]n or about June 17, 2016, . . . [she] recklessly engaged in conduct which placed or may have placed another person in danger of death or serious bodily injury, to wit: [K.Y.M.] had her 2[-] and 9[-year old] children walk into a busy roadway at night, placing the children and drivers on the road in danger of death or serious bodily injury.

R.R. at 47, 138. The charge of Endangering the Welfare of Children in the original Information had been dropped.

---

[8] K.Y.M. is an independent contractor special education teacher certified in New York. *See* R.R. at 97.

[9] 18 Pa.C.S. § 2705. Section 2705 of the Crimes Code states: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." *Id.*

The Commonwealth's ARD motion, filed at Docket No. CP-45-CR-2086-2016, does not specifically list the charges encompassed thereby, but states that ADA Metzger "moves [the Monroe County Common Pleas Court] to **consider this case** for [ARD], and in support of this motion avers: . . . [t]hat . . . [**ARD**] **is warranted in this matter**." R.R. at 39 (emphasis added). The ARD motion was supported by K.Y.M.'s Statement and Waiver, wherein she represented, in pertinent part:

> I, [K.Y.M.], understand that:
>
> 1. If I am accepted into and satisfactorily complete[] the [ARD] Program, I will have an opportunity to earn a dismissal of **these charges pending against me** in this case.
>
> 2. If I should fail to complete the program satisfactorily, I will be fully prosecuted [for] **these charges** in criminal court.

R.R. at 40 (emphasis added).

CYS Intake Unit Supervisor Sarah Stiff (Stiff) testified at the BHA hearing that CYS changed the status of K.Y.M.'s child abuse report from indicated to founded based upon her entry into the ARD Program. *See* R.R. at 72-73. She referenced K.Y.M.'s Endangering the Welfare of Children count as the reason, and the founded reports specify, under "COURT FINDINGS, IF FOUNDED" that "[o]n [June 6, 2017,] [K.Y.M.] entered into the ARD Program and was placed on probation for 2 years. [K.Y.M.] was charged with Endangering the Welfare of Children. Case is to be founded, due to court proceedings." C.R. Item 4 (Exs. C-1 at 8 and C-2 at 8); *see also* R.R. at 72, 78, 84, 87, 89-90. Stiff acknowledged that K.Y.M.'s Endangering the Welfare of Children charge had been dismissed before CYS changed K.Y.M.'s status and that the Recklessly Endangering Another Person charge arose from the

7

same conduct relating to K.Y.M.'s disregard of her childrens' safety on June 17, 2016. *See* R.R. at 79, 89-90.

In addition, K.Y.M. testified before the ALJ at the BHA hearing:

Q. [] [K.Y.M.], are you aware that the [Amended Information] that was filed in conjunction with your ARD [P]rogram includes the count, 'recklessly endangering another person'? And the factual basis for it is, 'On or about June 17th, 2016, [K.Y.M.] recklessly engaged in conduct which placed or may have placed another person in danger of death or serious bodily injury, had her 2- and 9-year-old children walk into a busy roadway at night, placing the children and drivers on the road in danger of death or serious bodily injury.' Were you aware that that was how your [Amended Information] reads?

A. To a certain extent, yes.

Q. Because you just said that you thought it was based on your conduct in CVS. But would you agree with me that that's not the conduct in CVS?

A. For the ARD? **I know everything was compiled in one**. There was, like, 14 or 13 different charges on the list. . . .

R.R. at 99-100 (emphasis added). Further, when the ALJ asked K.Y.M. if the Amended Information charges are the ones she believed she entered the ARD Program for, she replied: "I guess." R.R. at 103. Finally, when the ALJ asked K.Y.M.'s counsel whether the charges in the Amended Information "are the charges that she entered the ARD [P]rogram for?" K.Y.M.'s counsel confirmed: "Yes. Yes." R.R. at 101-102.

The ALJ explained:

Based upon the testimony and evidence submitted at the time of the hearing, it is clear that [K.Y.M.] entered the ARD Program based in part upon her admission to the charge of Recklessly Endangering Another Person. . . . The basis for the charge listed in the [Amended Information] filed against [K.Y.M.] states [K.Y.M.] placed her two (2)

8

children on a four (4)[-]lane highway at night, placing them in danger.

The undersigned finds the criminal matter involved the same factual circumstances involved in the allegation of child abuse leading to the indicated report. Furthermore, the elements of the crime of Recklessly Endangering Another Person equate to a judicial finding that [K.Y.M.] intentionally, knowingly or recklessly . . . created a likelihood of bodily injury to a child through her actions relating to T.M. and committed serious neglect of J.Y. by her egregious failure to supervise the subject child by sending him across a four[-]lane highway at night and walk a mile down to Walmart by himself. This judicial filing cannot be collaterally attacked.

While [K.Y.M.], through her counsel, argues that counsel negotiated [K.Y.M.'s] ARD with the Monroe County District Attorney in an effort to avoid CYS'[] ability to maintain indicated or founded reports against [K.Y.M.], the facts of record do not support this argument. **Regardless of the intentions of [K.Y.M.'s] counsel in the criminal matter, it is clear from the testimony and evidence submitted that the factual basis for [K.Y.M.'s] entry into the ARD Program were the charges listed in the [Amended Information]**. While counsel for [K.Y.M.] argued that the Recklessly Endangering Another Person charge was based upon [K.Y.M.'s] conduct inside a pharmacy and did not relate to the subject children, this is contrary to the evidence submitted.

In accordance with the foregoing, the undersigned finds CYS has met its burden to show by substantial evidence that the founded reports filed against [K.Y.M.] were appropriate.

Adj. at 9-10; R.R. at 130-131 (emphasis added).

This Court has held that "[i]f the Secretary does not reverse any facts found by the [ALJ], these findings, if supported by substantial evidence, are binding on this Court." *1st Steps Int'l Adoptions, Inc. v. Dep't of Pub. Welfare*, 880 A.2d 24, 28 n.3 (Pa. Cmwlth. 2005). "It goes without saying that an appellate court may not find facts or reweigh the evidence." *In re S.H.*, 96 A.3d 448, 455 (Pa. Cmwlth.

2014).  Accordingly, "[d]eterminations as to credibility and evidentiary weight will not be disturbed on appeal absent an abuse of discretion."  *F.V.C. v. Dep't of Pub. Welfare*, 987 A.2d 223, 228 (Pa. Cmwlth. 2010).  In the instant matter, the BHA agreed with the ALJ, and adopted her findings of fact and conclusions as its own.

Viewing "all reasonable and logical inferences that can be drawn from the existing evidence" in CYS' favor, as we must, *Bedford Cty. Children & Youth Servs.*, 613 A.2d at 50, we hold that substantial record evidence supports the BHA's conclusion that K.Y.M.'s acceptance into the ARD Program "involves the same factual circumstances involved in the allegation of child abuse." 23 Pa.C.S. § 6303.

K.Y.M. also contends that the ALJ erred by concluding that CYS' change of K.Y.M.'s status from indicated to founded without a hearing was valid. Although K.Y.M. listed this issue in her Statement of Questions Involved and cursorily mentioned it in her Summary of Argument, *see* K.Y.M. Br. at 4, 7, she did not address it in the Argument portion of her brief, as required by Pennsylvania Rule of Appellate Procedure (Rule) 2119(a).[10]  "[B]ecause [K.Y.M.] fail[ed] to develop this issue in the Argument portion of [her] brief, [she] ha[s] waived [it], and we will not address it."  *City of Phila. v. Berman*, 863 A.2d 156, 161 n.11 (Pa. Cmwlth. 2004); *see also Singer v. Bureau of Prof'l & Occupational Affairs, State Bd. of Psychology*, 633 A.2d 246 (Pa. Cmwlth. 1993) (Issues raised in the Statement of Questions Involved section of the brief but not further addressed in the Argument portion thereof are waived.).

---

[10] Rule 2119(a) mandates:

> The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part – in distinctive type or in type distinctively displayed – the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

K.Y.M. further asserts that the ALJ erred by refusing to admit ADA Metzger's September 11, 2017 letter into evidence.

At the BHA hearing, in the absence of other evidence to support K.Y.M.'s position that her ARD status did not apply to the criminal charges relating to her endangering her children, K.Y.M.'s counsel attempted to state why the Commonwealth issued the Amended Information and agreed to K.Y.M.'s ARD admission. CYS' counsel objected. The ALJ sustained the objection because K.Y.M.'s counsel was assuming facts not in evidence, and because ADA Metzger's criminal case does not control the DHS matter. *See* R.R. at 79-80.

Later in the BHA hearing, K.Y.M.'s counsel stated: "We have a letter from [ADA Metzger] . . . . Unfortunately, I've been told it's hearsay. It's not admissible here. But, you know, we have that document."[11] R.R. at 101. The ALJ responded: "[D]on't argue things that are not in evidence." R.R. at 101. It is unclear from this exchange whether K.Y.M.'s counsel offered ADA Metzger's September 11, 2017 letter into evidence. However, even if this Court was to agree that he did offer it, K.Y.M.'s counsel, in essence, made a preemptive hearsay objection to his own evidence.

"Hearsay is defined as an out[-]of[-]court statement, either written or oral, offered in court for the purpose of proving the truth of the matter contained in the statement." *Feinberg v. Unemployment Comp. Bd. of Review*, 635 A.2d 682, 685 n.4 (Pa. Cmwlth. 1993). Hearsay is generally not admissible unless it is subject to an exception. *See* Pa. R.E. 802. However, "[u]nder the Commonwealth's Administrative Agency Law[,] Commonwealth agencies shall not be bound by technical rules of evidence at agency hearings[.] . . . 2 Pa.C.S. § 505." *A.Y. v. Dep't of Pub. Welfare, Allegheny Cty. Children & Youth Servs.*, 641 A.2d 1148, 1150 (Pa.

---

[11] It is not clear from the record when or by whom K.Y.M.'s counsel was told ADA Metzger's September 11, 2017 letter was hearsay.

1994).    Notwithstanding, this Court has ruled that "[h]earsay testimony in an administrative proceeding to expunge a [child abuse report] is not substantial evidence unless it is corroborated." *Bucks Cty. Children & Youth Soc. Servs. Agency*, 808 A.2d at 993; *see also A.Y.*

Thus, in order for the BHA to make a finding based on ADA Metzger's September 11, 2017 letter, which is clearly an "out[-]of[-]court statement . . . offered . . . for the purpose of proving the truth of the matter," the information contained therein had to be corroborated by other record evidence. *Feinberg*, 635 A.2d at 685 n.4.    Because the only corroboration on the record was K.Y.M.'s counsel's representations, which are not evidence,[12] if the ALJ had sustained a hearsay objection to ADA Metzger's September 11, 2017 letter, such ruling would have been proper.    Accordingly, the ALJ did not err by refusing to admit ADA Metzger's September 11, 2017 letter into evidence.

Based on the foregoing, the BHA's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[12] *See Brady v. Workers' Comp. Appeal Bd. (Morgan Drive Away, Inc.)*, 923 A.2d 529 (Pa. Cmwlth. 2007) (counsel's statements at administrative proceedings are not evidence).

K.Y.M.,
                   Petitioner

              v.

Department of Human Services,
                   Respondent

:  **SEALED CASE**
:
:
:
:
:
:  No. 137 C.D. 2018
:

## O R D E R

AND NOW, this 7th day of January, 2019, the Department of Human Services' Bureau of Hearings and Appeals' January 4, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge