## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Support Center for Child Advocates     :    **CASE SEALED**
as G.A.L. for the Minor Child H.M.     :
and H.M., the Minor Child,     :
               Petitioners     :
                             :
             v.           :
                             :
Department of Human Services,     :    No. 723 C.D. 2017
            Respondent     :    Argued: June 7, 2018

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

OPINION BY
JUDGE COVEY                            FILED: June 22, 2018

Support Center for Child Advocates as Guardian Ad Litem (G.A.L.) for the minor child H.M., and H.M. (collectively, GAL) petition this Court for review of the Commonwealth of Pennsylvania, Department of Human Services (DHS), Bureau of Hearings and Appeals' (BHA) May 11, 2017 order (Order) denying H.M.'s G.A.L.'s Motion to Acknowledge Party Status (Motion). There are two issues before this Court: (1) whether BHA's Order is a collateral order pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 313; and, (2) whether BHA erred or abused its discretion by denying the Motion.[1] After review, we affirm.

On January 12, 2012, the Common Pleas Court appointed the Support Center for Child Advocates as attorney and G.A.L. to represent H.M.'s interests in

---

[1] GAL presents four issues in its Statement of Issues: (1) whether BHA's Order is a collateral order; (2) whether BHA failed to follow its procedural rules; (3) whether H.M.'s G.A.L. is a proper intervenor; and (4) whether H.M.'s interest is represented by the existing parties. *See* GAL Br. at 4-5. GAL's second, third and fourth issues are combined herein as Issue 2.

connection with criminal and civil proceedings related to abuse.[2]  H.M.'s father J.C. is the indicated perpetrator of abuse against H.M., and the appellant in the underlying administrative appeal seeking to have the indicated report expunged.  The indicated report was based on allegations that J.C. raped H.M.  On February 14, 2017, H.M.'s G.A.L. submitted a letter to BHA requesting acknowledgement of party status based on BHA's Standing Practice Order (SPO),[3] which governs practice before BHA.

On February 24, 2017, the Administrative Law Judge (ALJ) issued a Rule to Show Cause why H.M.'s G.A.L. should not be considered a party to the proceedings.  J.C. and DHS did not object or respond to the Rule.  H.M.'s G.A.L., upon receiving no response from his request, filed the Motion on May 3, 2017.  On May 11, 2017, the ALJ denied the Motion.  The ALJ determined that H.M. was represented by the existing parties therein, that H.M.'s G.A.L.'s request for party status in the underlying matter was a Petition to Intervene under Section 35.28 of the General Rules of Administrative Practice and Procedure (GRAPP),[4] and H.M.'s G.A.L. did not meet the required criteria to intervene.

On June 7, 2017, GAL appealed to this Court.[5]  By September 7, 2017 order, this Court instructed the parties to address in their respective briefs whether BHA's Order constitutes a collateral order and is subject to appeal to this Court pursuant to Rule 313.

---

[2] H.M. was born in 2001.

[3] "SPOs [sic] are procedural rules issued by [BHA] pursuant to [Section 1102(g) of Act 142,] 67 Pa.C.S.[] § 1102(g)[,] that govern practice before [BHA]." *Julia Ribaudo Senior Servs. v. Dep't Pub. Welfare*, 969 A.2d 1184, 1187 n.2 (Pa. 2009).  The BHA's SPO can be found at http://www.dhs.pa.gov/cs/groups/webcontent/documents/form/s_002109.pdf (last visited June 8, 2018).

[4] 1 Pa. Code § 35.28 (relating to eligibility criteria to intervene).

[5] This Court's standard of review on appeal from a BHA order "is limited to determining whether the adjudication is supported by substantial evidence, whether the decision is in accordance with the applicable law, or whether constitutional rights are violated." *Casey Ball Supports Coordination, LLC v. Dep't of Human Servs.*, 160 A.3d 278, 282 n.8 (Pa. Cmwlth. 2017) (quoting *Cambria Cty. Home & Hosp. v. Dep't of Pub. Welfare*, 907 A.2d 661, 667 (Pa. Cmwlth. 2006)).

**Collateral Order**

Initially, Rule 313 provides:

> **(a) General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

> **(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313. "An appeal of an order denying intervention may fall within the definition of an appealable collateral order pursuant to [Rule] 313(b)." *Twp. of Radnor v. Radnor Recreational, LLC*, 859 A.2d 1, 4 (Pa. Cmwlth. 2004).

GAL argues: (1) the issue in the underlying matter is whether substantial evidence supports the indicated report of child abuse and BHA's Order involves the issue of whether H.M.'s G.A.L. is entitled to party and/or intervenor status, thus the Order is separable from and collateral to the main cause of action; (2) H.M.'s G.A.L.'s right to be a party in the underlying child abuse expunction and BHA's failure and/or refusal to apply BHA's procedural rules enacted to govern practice before BHA, and the direct impact of the expunction appeal on H.M.'s future, are issues that are too important to be denied review; and, (3) if the denial of the Motion is not reviewed by this Court, the right to participate in the proceeding will be irreparably lost, along with H.M.'s right to appeal any BHA determinations. DHS rejoins that the rights involved are J.C.'s reputational interests and H.M.'s interests are represented by DHS.

> As noted above, the collateral order doctrine permits an appeal as of right from a non-final collateral order if the order satisfies the three requirements set forth in Rule 313(b). With regard to the first prong of the collateral order

3

doctrine, an order is separable from the main cause of action if it is 'entirely distinct from the underlying issue in the case' and if 'it can be resolved without an analysis of the merits of the underlying dispute.' *Commonwealth v. Blystone,* . . . 119 A.3d 306, 312 ([Pa.] 2015) (internal quotation marks omitted).

*K.C. v. L.A.*, 128 A.3d 774, 778 (Pa. 2015). Here, because the issue of whether H.M.'s G.A.L. is entitled to party and/or intervenor status "is a conceptually distinct legal question which has no bearing on the central issue within the [expunction] action" - whether substantial evidence supports the indicated report of child abuse - "we find that [GAL] ha[s] established that [BHA's] Order is separable from the main cause of action."[6] *Id.* at 779. Accordingly, GAL has met the first prong of the collateral order doctrine.

> [W]ith respect to the second prong of the doctrine, the importance prong, a right is important if 'the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule.' [*Commonwealth v.*] *Williams*, 86 A.3d [771,] 782 [(Pa. 2014)]. Notably, the rights involved must implicate more than just the individual parties in the matter, and, instead, must be 'deeply rooted in public policy going beyond the particular litigation at hand.' [*Commonwealth v.*] *Blystone*, 119 A.3d [306,] 312 [(Pa. 2015)] (internal quotation marks omitted).

*K.C.*, 128 A.3d at 779. "In the instant case, it is undeniable that a decision regarding [H.M.'s G.A.L.'s] claimed right . . . to intervene in the [expunction] proceedings will have a direct effect on [GAL's] ability to participate in the [expunction] proceedings, and, thus, on [H.M.], as, if [J.C.] [is], in fact," entitled to expunction, H.M.'s future is affected. *Id.* "However, while [H.M.'s G.A.L.'s] claimed right to intervene in the

---

[6] DHS does not dispute that GAL satisfied the first prong of the collateral order doctrine. *See* DHS Br. at 11 ("BHA's order denying party status for [H.M.'s G.A.L.] is separable from the merits of the appeal and satisfies the first prong of the collateral order doctrine.").

4

[expunction] action may, at first blush, appear to implicate only the individual parties involved, this right has important policy implications extending beyond this particular case," *id.*, because whether a G.A.L. of a child against whom sexual abuse was perpetrated has the right to participate in an expunction hearing "is too important to be denied review."[7] Pa.R.A.P. 313(b). Accordingly, GAL has met the second prong of the collateral order doctrine.

"Lastly, we turn to the final prong: whether [H.M.'s G.A.L.'s] claimed right will be irreparably lost if review is postponed until after final judgment." *K.C.*, 128 A.3d at 780.

> In [*In re Barnes Foundation,* 871 A.2d 792 (Pa. 2005)], [the Pennsylvania Supreme Court] reasoned that 'a common pleas court's order denying intervention is one type of order which *must be appealed within thirty days* of its entry under Rule . . . 903 [(relating to time for appeal)] *or not at all,* precisely because the failure to attain intervenor status forecloses a later appeal.' [*Barnes*, 871 A.2d] at 794 (emphasis added). . . .
>
> [B]ecause *Barnes* unequivocally requires any party who was denied intervention and who satisfies the requirements of Rule 313 to appeal from the order denying intervention within 30 days of its entry or lose the right to appeal the order entirely, [GAL's] right to appeal from the order denying intervention in the instant case will be manifestly lost if [it is] not permitted to appeal the order.

*K.C.*, 128 A.3d at 780 (footnote omitted). "Accordingly, as [GAL's] appeal satisfies each of the three elements of the collateral order doctrine, we conclude that [BHA's

---

[7] DHS cites *Dauphin County Social Support Services for Children & Youth Services v. Department of Public Welfare*, 543 A.2d 607 (Pa. Cmwlth. 1988), and *V.S. v. Department of Public Welfare*, 131 A.3d 523 (Pa. Cmwlth. 2015), for their holdings that children are not entitled to have G.A.L.s appointed to them in expunction hearings. DHS contends that because the issue has already been addressed by this Court, it is not too important to be denied review. However, unlike the facts in *Dauphin County* and *V.S.*, H.M. is not requesting appointment of a G.A.L. Rather, a G.A.L. has already been appointed and is requesting party status. Thus, *Dauphin County* and *V.S.* are inapposite.

O]rder denying intervention is an appealable collateral order as of right under Rule 313 . . . ." *Id.* at 781.

## Merits

GAL asserts that BHA erred or abused its discretion by failing to follow SPO Rule 1, which includes a child's G.A.L. as a party. DHS responds that under Section 35.28(a) of GRAPP, H.M.'s G.A.L. is not eligible to intervene.

SPO Rule 1 defines a party as:

A person or corporate entity **recognized by law as directly connected to the outcome of an appeal <u>and</u>** who/which **filed a writing specifying such an interest** with [BHA], **including** the appellant, [DHS], a county agency or private agency empowered by [DHS] to implement regulations on behalf of [DHS], **the [G.A.L.] for a child**, an intervenor, or additional defendant.

*Id.* (emphasis added).

Clearly, a G.A.L. is included as a potential party under SPO Rule 1 and H.M.'s G.A.L. filed a writing requesting acknowledgement of party status in the expunction hearing. Therefore, the issue before this Court is whether H.M.'s G.A.L. is "recognized by law as directly connected to the outcome of [the] appeal." SPO Rule 1. The relevant appeal is J.C.'s appeal from the expunction hearing, wherein, BHA will determine whether J.C.'s name is to be maintained on the ChildLine & Abuse Registry (ChildLine Registry).[8] Although H.M. is the child victim in the appeal, we must determine H.M.'s legal connection to the expunction hearing's outcome.

---

[8] Section 3490.4 of DHS's Regulations defines ChildLine as "[a]n organizational unit of [DHS] which operates a Statewide toll-free system for receiving reports of suspected child abuse established under [S]ection 6332 of the [Child Protective Services Law, 23 Pa.C.S. § 6332,] (relating to establishment of Statewide toll-free telephone number), refers the reports for investigation and maintains the reports in the appropriate file. . . ." 55 Pa. Code § 3490.4.

The issue before BHA in an expunction hearing is whether the indicated report of child abuse against a perpetrator should be maintained on the ChildLine Registry. The Pennsylvania Supreme Court has explained:

> A report of child abuse is characterized as an 'indicated report' if an investigation by the county agency or [DHS] determines that 'substantial evidence' of the alleged abuse exists based on available medical evidence, the child protective service investigation, or an admission of the facts of abuse by the perpetrator. 23 Pa.C.S. § 6303. . . . The [Section 6331 of the Child Protective Services Law (Law)] requires [DHS] to maintain a statewide registry consisting of summaries of indicated reports of child abuse. 23 Pa.C.S. § 6331. **The burden is on the appropriate county agency to show that the indicated report of abuse is accurate and being maintained in a manner consistent with the [] Law.** *See* 23 Pa.C.S. §§ 6303, 6341(c). After a summary of an indicated report is entered in the [ChildLine] Registry, the perpetrator is notified that his or her ability to obtain employment in a child-care facility or program or a public or private school may be adversely affected by the entry of the report in the Registry. 23 Pa.C.S. § 6338(a). When an individual seeks employment that would bring him or her in direct contact with children or in which there is a significant likelihood of regular contact with children, or when a person resides in a 'family day-care home,' that person must provide a certification, obtained within the preceding year from [DHS], of whether he or she is named in the [ChildLine] Registry as a perpetrator in an indicated report of child abuse. 23 Pa.C.S. §§ 6344(a), (b)(2), 6344.1(a), (b), 6344.2.

*G.V. v. Dep't of Pub. Welfare*, 91 A.3d 667, 671 (Pa. 2014) (emphasis added). Thus, the relevant appeal this Court is to consider is J.C.'s appeal as to whether he should be named in the ChildLine Registry as a perpetrator in an indicated report of child abuse. Further,

> [t]his Court has clarified that '[t]he Law seeks to protect children from abuse, not to punish alleged abusers.' *L.W.B. [v. Sosnowski]*, 543 A.2d [1241,] 1242 [(Pa. Cmwlth. 1988)] (footnote omitted). Specifically,

7

> the purpose of the [Law] is to bring about quick and effective reporting of suspected child abuse so as to serve as a means for providing protective services competently and to prevent further abuse of the children while providing rehabilitative services for them and the parents. 23 Pa.C.S. § 6302(b). To the degree possible, the Law also is geared to the stabilization of the family where appropriate. **The Law does not provide for legal determinations of abuse; it is mainly a vehicle for reporting abuse and bringing quickly into play those services (including court hearings) available through county protective service facilities for the care of the child**.
>
> *In the Interest of J.R.W., . . .* 631 A.2d 1019, 1021-22 ([Pa. Super.] 1993).

*V.S. v. Dep't of Pub. Welfare*, 131 A.3d 523, 531 (Pa. Cmwlth. 2015) (emphasis added). At this point in the proceedings, the abuse was already reported and services including court hearings have already been made available. As such, it is J.C., not H.M. who is directly connected to the outcome of the underlying appeal. Accordingly, BHA did not violate SPO Rule 1 by denying the Motion.

Moreover, Section 35.28(a) of GRAPP provides:

> *Persons.* A petition to intervene may be filed by a person claiming a right to intervene or an interest of such nature that intervention is necessary or appropriate to the administration of the statute under which the proceeding is brought. The right or interest may be one of the following:
>
> (1) A right conferred by statute of the United States or of this Commonwealth.
>
> (2) An interest which may be **directly affected *and*** which is **not adequately represented** by existing parties, ***and*** as to which petitioners **may be bound by the action** of the agency in the proceeding. . . .
>
> (3) Other interest of such nature that participation of the petitioner may be in the public interest.

8

1 Pa. Code § 35.28(a) (emphasis added). Here, H.M.'s G.A.L. has no right to intervene "conferred by statute," nor has he stated an interest such that his participation "is in the public interest." 1 Pa. Code § 35.28. While an important issue to H.M., whether H.M.'s G.A.L. is permitted to intervene is not of *public* importance, since DHS will be arguing in favor of maintaining J.C.'s name on the ChildLine Registry. Thus, the issue before the Court is whether H.M.'s G.A.L.'s interest is an interest directly affected, not represented **and** potentially bound by the action.

As stated above, the issue in the "action" is whether J.C.'s name should be maintained on the ChildLine Registry. *Id.* Further, this Court has held that "the interests of the children [in expungement hearings] [are] protected at the administrative hearing because the interests of the children [are] the same as that of [DHS]—to have the report of child abuse maintained." *Dauphin Cty. Social Support Servs. for Children & Youth Servs. v. Dep't of Pub. Welfare*, 543 A.2d 607 (Pa. Cmwlth. 1988). Consequently, this Court cannot hold that H.M.'s G.A.L.'s interest is "[a]n interest which may be directly affected *and* which is not adequately represented by existing parties, *and* as to which petitioners may be bound by the action of the agency in the proceeding." 1 Pa. Code § 35.28. Accordingly, BHA properly concluded that H.M.'s G.A.L. did not qualify as an intervenor under Section 35.28(a) of GRAPP.

For all of the above reasons, the BHA's Order is affirmed.

_____
ANNE E. COVEY, Judge

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Support Center for Child Advocates : **CASE SEALED**
as G.A.L. for the Minor Child H.M. :
and H.M., the Minor Child, :
                          Petitioners :
            :
            v. :
            :
Department of Human Services, : No. 723 C.D. 2017
                 Respondent :

## O R D E R

AND NOW, this 22nd day of June, 2018, the Commonwealth of Pennsylvania, Department of Human Services, Bureau of Hearings and Appeals' May 11, 2017 order is affirmed.

_____
ANNE E. COVEY, Judge