IN THE COMMONWEALTH COURT OF PENNSYLVANIA

L.H.,                                    :    **SEALED CASE**
                    Petitioner           :
                                         :
              v.                         :
                                         :
Department of Human Services,            :    No. 406 C.D. 2018
                    Respondent           :    Argued: October 16, 2018


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION BY
JUDGE COVEY                              FILED: November 6, 2018


        L.H. petitions this Court for review of the Department of Human Services' (DHS) February 26, 2018 order upholding the Bureau of Hearings and Appeals' (BHA) September 20, 2017 order adopting the Administrative Law Judge's (ALJ) Adjudication dismissing L.H.'s appeal as untimely. L.H. presents two issues for this Court's review: (1) whether DHS erred by denying *nunc pro tunc* relief; and (2) whether using the mailbox rule violated L.H.'s statutory and due process rights.

        On April 13, 2016, Beaver County Children and Youth Services (CYS) filed a Child Protective Services Investigation Report (CY-48) naming L.H. as a perpetrator in an indicated report of child abuse. CYS identified the subject child as E.K., and stated the report was being indicated for sexual abuse. On April 13, 2016, CYS sent L.H. a letter notifying him it had concluded its investigation of the report of sexual abuse of E.K. and determined the report to be indicated (April 13, 2016 Letter). The April 13, 2016 Letter was sent to L.H. On April 14, 2016, ChildLine

and Abuse Registry (ChildLine)[1] allegedly mailed L.H. a letter notifying him that he is listed on the statewide central register of child abuse as a perpetrator in an indicated report of child abuse against E.K. (E.K. Notice).[2] The E.K. Notice advised L.H. of his right to request that the indicated report be amended or destroyed, and instructed L.H. that the request must be made within 90 days of the E.K. Notice date.

On March 9, 2017, L.H. appealed from the E.K. Notice. L.H.'s appeal was postmarked 314 days after the E.K. Notice was purportedly mailed. On May 4, 2017, ChildLine issued a letter notifying L.H. that it had received his appeal, but could not review it because the appeal was not received within 90 days of the E.K. Notice mailing date. The May 4, 2017 letter notified L.H. that if he believed the appeal should be considered even though it was not received within the time required by law, L.H. must request that the BHA review the indicated finding of child abuse, and the request must be received within 90 days of the date of the May 4, 2017 letter. On August 2, 2017, L.H. filed a response to the May 4, 2017 letter.

An ALJ held a hearing on September 7, 2017 to address whether L.H.'s appeal was timely filed and, if not, whether sufficient grounds exist to allow the appeal to proceed *nunc pro tunc.* On September 14, 2017, the ALJ recommended that L.H.'s appeal be dismissed as untimely. On September 20, 2017, the BHA adopted the ALJ's recommendation. L.H. filed a Motion for Reconsideration

---

[1] ChildLine is defined as

> [a]n organizational unit of [DHS] which operates a Statewide toll-free system for receiving reports of suspected child abuse established under [S]ection 6332 of the [Child Protective Services Law, 23 Pa.C.S. § 6332] (relating to establishment of [s]tatewide toll-free telephone number), refers the reports for investigation and maintains the reports in the appropriate file.

55 Pa. Code § 3490.4.

[2] On April 14, 2016, ChildLine also sent L.H. a notice informing him that he is listed as a perpetrator of child abuse against S.H., Report Number 7543931.

(Motion) which DHS received on October 6, 2017. On October 12, 2017, notwithstanding that the Motion was untimely filed, having been received one day late,[3] DHS granted the Motion. On February 26, 2018, DHS upheld the BHA's September 20, 2017 order. On March 28, 2018, L.H. appealed to this Court.[4]

At the outset, because the Motion was untimely filed, DHS was without jurisdiction to grant the Motion. *Ciavarra v. Commonwealth*, 970 A.2d 500, 503 (Pa. Cmwlth. 2009) ("[T]he fifteen-day period is mandatory and [] the failure to request reconsideration within that period deprives an agency of jurisdiction to consider the request."). Further, because DHS did not have jurisdiction to grant the Motion, its order upholding the BHA's September 20, 2017 order is null and void. *Id.* Consequently, L.H. had 30 days to appeal from the BHA's September 20, 2017 order, rather than DHS' February 26, 2018 order. However, because DHS granted the Motion before the 30-day appeal period expired, L.H. reasonably could have believed that no appeal from the September 20, 2017 order was necessary. Thus, L.H.'s failure to timely appeal was caused by an administrative breakdown, *i.e.*, DHS' inadvertent granting of the Motion. Accordingly, this Court will treat L.H.'s instant appeal as a petition for leave to appeal *nunc pro tunc* from the September 20, 2017 order and grant the petition. *See H.D. v. Pa. Dep't of Pub. Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000) ("An appeal *nunc pro tunc* may be allowed where the delay

---

[3] "An application for . . . reconsideration may be filed by a party to a proceeding within 15 days[.]" Section 35.241(a) of the General Rules of Administrative Practice and Procedure, 1 Pa. Code § 35.241(a); *see also* the BHA's September 20, 2017 order, Reproduced Record at 12a ("Either party to this proceeding has fifteen (15) calendar days from the date of this decision to request reconsideration by the Secretary of the Department.").

[4] "This Court's standard of review on appeal from a BHA order 'is limited to determining whether the adjudication is supported by substantial evidence, whether the decision is in accordance with the applicable law, or whether constitutional rights are violated.'" *Support Ctr. for Child Advocates v. Dep't of Human Servs.*, 189 A.3d 497, 499 n.5 (Pa. Cmwlth. 2018) (quoting *Casey Ball Supports Coordination, LLC v. Dep't of Human Servs.*, 160 A.3d 278, 282 n.8 (Pa. Cmwlth. 2017)).

in filing the appeal was caused by extraordinary circumstances involving . . . some breakdown in the administrative process[.]") (italics added).

L.H. first argues that DHS erred by denying *nunc pro tunc* relief because his untimely filing was due to not having received the E.K. Notice.

Initially, Section 6341(a)(2) of the Child Protective Services Law (CPSL) provides:

> Any person named as a perpetrator . . . in an indicated report of child abuse may, within 90 days of being notified of the status of the report, request an administrative review by, or appeal and request a hearing before, the secretary to amend or expunge an indicated report on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this chapter. The request shall be in writing in a manner prescribed by [DHS].

23 Pa.C.S. § 6341(a)(2). It is undisputed that L.H. did not appeal from the indicated report within 90 days. Thus, the appeal was untimely.

"An appeal *nunc pro tunc* may be allowed where the delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to the appellant, his or her counsel or a third party." *H.D.*, 751 A.2d. at 1219 (italics added). L.H. contends that there was an administrative breakdown because he never received the E.K. Notice. DHS rejoins that, under the mailbox rule, there is a presumption that L.H. received the E.K. Notice. Specifically, "[u]nder the mailbox rule, evidence that a letter was mailed ordinarily will be sufficient to permit a fact-finder to find that the letter was, in fact, received by the party to whom it was addressed." *Douglas v. Unemployment Comp. Bd. of Review*, 151 A.3d 1188, 1191 (Pa. Cmwlth. 2016).

In the ALJ's September 14, 2017 Recommendation, he states:

> In this case, counsel for [L.H. (Counsel)] argued there was a breakdown in the administrative process in this case as [L.H.] did not receive the [E.K. Notice] for the above-captioned indicated report of child abuse. To that end, [C]ounsel argued that [L.H.] received three notices of another indicated report of child abuse [(S.H. Notices)] (Exhibit[s] A-1 and A-2), but [L.H.] did not receive a notice from ChildLine regarding the above-captioned indicated report of child abuse. However, **the [E.K. Notice] was sent to [L.H.'s] correct address** . . . **and it was not returned by the [United States Postal Service (]USPS[)] as undeliverable. Thus, pursuant to the mailbox rule, it is presumed that [L.H.] received the [E.K. Notice].** Furthermore, there was no testimony presented at the hearing to rebut the presumption that [L.H.] received the [E.K. Notice]. In addition, [L.H.] received the [S.H. Notices], as well as the Agency's April 13, 2016 letter [(April 13, 2016 Letter)], which were also sent to [the correct address].

Reproduced Record (R.R.) at 18a-19a (emphasis added). "However, in order for the mailbox rule to apply, . . . 'there must be some evidence . . . that the [E.K. N]otice was mailed . . . . Until there is proof that a letter was mailed, there can be no presumption that it was received.'" *Ne. Eye Inst. v. Unemployment Comp. Bd. of Review*, 176 A.3d 455, 458 (Pa. Cmwlth. 2017) (quoting *Douglas*, 151 A.3d at 1192 (internal citations omitted)). A review of the record reveals that DHS did not present any evidence that the E.K. Notice "was sent," or that "it was not returned by the USPS as undeliverable." *Id.* Indeed, DHS did not present any evidence at the hearing.[5]

---

[5] There is an "AFFIDAVIT OF MAILING" in both the certified record and the reproduced record; however, it was not introduced at the hearing, as revealed after a thorough review of the transcript. BHA Counsel admitted at oral argument that the Affidavit was not presented at the hearing and thus, it is not evidence this Court can rely upon in making its determination. Further, as the ALJ explained: "The hearing record remained open for five (5) business days [after the hearing] to allow for submission of post-hearing exhibits. On September 11, 2017, the [ALJ] received exhibits A-1 through A-3 [L.H.'s exhibits] and the hearing record was closed." R.R. at 14a.

Further, although L.H. did not present testimony at the hearing, L.H. submitted the S.H. Notice. *See* R.R. at 3a-7a. It is uncontested that L.H. appealed from the S.H. Notice upon receipt. L.H. offered the S.H. Notice into evidence for the inference that if he had received the E.K. Notice, he would have appealed therefrom as well. Thus, L.H. maintains that he did not assert a mere denial of receipt but, rather, he presented circumstantial evidence that he did not receive the E.K. Notice.

By way of background, as set forth in the September 7, 2017 hearing transcript submitted by DHS as part of its Supplemental Reproduced Record (S.R.R.), *see* S.R.R. at 30b-37b, L.H. has cognitive difficulties, thus L.H.'s mother (Mother) is the person who contacted Counsel for purposes of the appeals. L.H.'s Counsel revealed that he was alerted of the E.K. Notice during the week of February 12, 2017, when he reviewed the transcript with Mother in the S.H appeal. Apparently, the transcript was redacted in connection with any material related to E.K. Counsel asked Mother about the redactions and she reported that there was a second accusation by E.K. When Counsel inquired whether Mother had received any documentation pertaining to the second matter, Mother described an April 13, 2016 Letter, *see* R.R. at 11a, stating it was an indicated report but they never received an official appealable notice. At some point thereafter, Mother read the April 13, 2016 Letter to Counsel over the phone. On March 9, 2017, Counsel filed the instant appeal.

Notwithstanding, the ALJ did "not find there is sufficient evidence to show there was a breakdown in the administrative process in this case" because "pursuant to the mailbox rule, it is presumed that [L.H.] received the [E.K. Notice]." R.R. at 19a. However, because DHS did not submit any evidence of mailing, the ALJ erred by applying the mailbox rule. As there was no evidence of mailing, no presumption of receipt was created and, thus, "the adjudication [to the contrary was not] supported by substantial evidence, . . . [and] the decision [was not] in accordance

with the applicable law[.]"[6] *Support Ctr. for Child Advocates v. Dep't of Human Servs.*, 189 A.3d 497, 499 n.5 (Pa. Cmwlth. 2018) (quoting *Casey Ball Supports Coordination, LLC v. Dep't of Human Servs.*, 160 A.3d 278, 282 n.8 (Pa. Cmwlth. 2017)).

Further, the ALJ concluded:

[L.H.] also has the burden of establishing that the appeal was filed within a short time after learning of and having an opportunity to address the untimeliness. Here, [DHS] sent a letter to [L.H.] on April 13, 2016 informing [L.H.] that they have concluded their investigation of a report of sexual abuse involving E.K., and they determined the report to be indicated [(April 13, 2016 Letter)]. While the letter does not provide a report number, the letter identifies the subject child as E.K. and states that it involves a report of sexual abuse. Likewise, the [April 13, 2016 Letter] identified E.K. as the subject child, and the report was indicated for sexual abuse. Additionally, the April 13, 2016 [L]etter was sent the same day as [DHS] filed the above-captioned indicated report of child abuse. Thus, if [L.H.] actually did not receive the [E.K. N]otice, I find that [L.H.] was aware of the above-captioned indicated report of child abuse since April 2016, but [L.H.] did not file an appeal until almost a year later on March 9, 2017. Therefore, I do not find [L.H.] acted within a short time of having an opportunity to address the untimeliness.

R.R. at 19a. However, a review of the April 13, 2016 Letter (which L.H. offered at the hearing and was accepted into evidence), and the S.H. Notice (which L.H. offered at the hearing and was accepted into evidence; DHS never introduced the E.K. Notice), evidences the lack of foundation for the ALJ's conclusion.

The April 13, 2016 Letter is formatted as a typical business letter, *i.e.*, CYS letterhead across the top, date in the upper right corner, L.H.'s address in the upper left corner, RE, salutation and letter content. *See* R.R. at 11a. In stark contrast,

[6] Given the disposition of the first issue, we do not reach L.H.'s second issue.

the S.H. Notice contains: "**IMPORTANT INFORMATION - READ CAREFULLY"** centered across the top of the page, immediately below the CYS caption which is in the top left corner of the page. R.R. at 3a (emphasis in original). In addition, the S.H. Notice includes: "**YOU ARE LISTED IN THE STATEWIDE DATABASE FOR CHILD ABUSE AS A PERPETRATOR IN AN INDICATED REPORT OF CHILD ABUSE**" centered below L.H.'s address. *Id.* (emphasis in original). Finally, the S.H. Notice concludes: "**You must request a review within 90 days of the mailing date listed at the top of this notice.**" *Id.* (emphasis in original). There is no indication whatsoever in the April 13, 2016 Letter that L.H. could appeal therefrom. Thus, the ALJ's conclusion that L.H. "learn[ed] of and ha[d] an opportunity to address the untimeliness[,]" since April 2016, R.R. at 19a, is not "supported by substantial evidence."[7] *Support Ctr. for Child Advocates*, 189 A.3d at 499 n.5 (quoting *Casey Ball Supports Coordination, LLC*, 160 A.3d at 282 n.8).

For all of the above reasons, DHS' September 20, 2017 order is reversed and L.H.'s *nunc pro tunc* appeal is granted. The matter is remanded to the BHA for further proceedings.

_____
ANNE E. COVEY, Judge

---

[7] Counsel did not learn of nor have an opportunity to address the untimeliness until after speaking with L.H.'s Mother, sometime between February 12 and March 9, 2017.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| L.H., | : | **SEALED CASE** |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Department of Human Services, | : | No. 406 C.D. 2018 |
| Respondent | : | |

## O R D E R

AND NOW, this 6th day of November, 2018, the Department of Human Services' September 20, 2017 order is REVERSED, and L.H.'s *nunc pro tunc* appeal is GRANTED. The matter is remanded to the Bureau of Hearings and Appeals for further proceedings.

Jurisdiction relinquished.


_____
ANNE E. COVEY, Judge