IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gilbert M. Martinez,               :
                Petitioner   :
                                  :
        v.                 :
                                    :
Department of Human Services,      :   No. 717 C.D. 2021
                Respondent   :   Submitted: March 18, 2022


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: May 24, 2022


        Gilbert M. Martinez (Martinez), *pro se*, petitions for review of a final adjudication of the Department of Human Services (Department) denying his application for cash assistance (CA) benefits pursuant to the Human Services Code (Code) (formerly the Public Welfare Code).[1] In his supporting brief, Martinez also requests sanctions against the Department, which this Court has already twice denied, for failing to provide legible copies of allegedly pertinent legislation in response to his application for relief during the pendency of his petition for review. For the reasons discussed below, the Department's denial of CA benefits is affirmed, and Martinez's request for sanctions is dismissed.

---

[1] Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §§ 101 – 1503.

## I. Background

The facts of this matter are undisputed. Martinez is an adult male U.S. citizen who resides alone. Certified Record (CR) 52, Findings of Fact (FF) 1 & 3. As such, he is not pregnant or caring for a child. *Id.*, FF 4. Neither is he seriously visually impaired. *Id.*, FF 5.

In 2020, Martinez submitted an application to the Department seeking CA benefits as well as medical assistance (MA) and Supplemental Nutrition Assistance Program (SNAP) benefits. CR 52, FF 2. In December 2020, the Department's Berks County Assistance Office notified Martinez that he was authorized to receive MA and SNAP benefits but did not qualify for CA benefits. *Id.*, FF 7 & 8. Martinez timely appealed to the Bureau of Hearings and Appeals (Bureau), and after a telephone hearing, an administrative law judge (ALJ) denied Martinez's requested relief, explaining that CA benefits were discontinued by the legislature in 2019 except as to certain limited categories of persons that did not include Martinez.[2] *Id.* at 1, 7 & 9. The Bureau affirmed the ALJ's decision. CR 59. Martinez then petitioned for review in this Court.

## II. Issues

The crux of Martinez's primary argument here, as before the ALJ, is that he is entitled to interim CA benefits while allegedly awaiting a determination concerning his eligibility for Social Security Income (SSI) benefits. Martinez insists that no legislation discontinued such CA benefits.

---

[2] Pennsylvania provides CA programs for eligible children receiving financial assistance to remain in secondary school, eligible families with children, and seriously visually impaired persons. *See* Section 432(3) of the Code, 62 P.S. § 432(3); 55 Pa. Code §§ 145.41 – 145.43, 451.1 & 451.3; CR 53-55. As stated above, Martinez is an adult and is not pregnant, caring for a child, or seriously visually impaired. CR 52, FF 1 & 3-5.

Martinez's other argument, raised only in his brief, is that this Court erred in refusing to compel the Department to supplement the record with copies of pertinent legislation, and further erred by refusing to sanction the Department for failing to do so.

### III. Discussion[3]

### A. Discontinuance of CA Benefits

Although somewhat rambling, Martinez's primary argument appears to posit that the ALJ improperly discriminated against him and "fraudulently misrepresented" the legislation at issue. Br. of Pet'r at 6. He insists the ALJ erred by not considering his "evidence" regarding applicable legislation. *Id.* at 7. This argument is without merit.

First, the meaning of a statute is purely a question of law, not fact. *Phila. Suburban Corp. v. Bd. of Fin. & Revenue*, 635 A.2d 116, 118 (Pa. 1993) (quoting *Girard Sch. Dist. v. Pittenger*, 392 A.2d 261, 263 (Pa. 1978)). As such, it does not hinge on any factual evidence. Therefore, the ALJ did not err in excluding factual evidence relating to Martinez's asserted construction of a Code provision.

Moreover, the ALJ was correct in explaining that CA benefits are not available to Martinez under current Pennsylvania law. The Act of June 30, 2012,

---

[3] This Court's review of the Bureau's order is limited to determining whether the adjudication was supported by substantial evidence, whether the decision was in accordance with the applicable law, or whether constitutional rights were violated. *L.H. v. Dep't of Hum. Servs.*, 197 A.3d 310, 312 n.4 (Pa. Cmwlth. 2018) (quoting *Support Ctr. for Child Advocates v. Dep't of Hum. Servs.*, 189 A.3d 497, 499 n.5 (Pa. Cmwlth. 2018), and then *Casey Ball Supports Coordination, LLC v. Dep't of Hum. Servs.*, 160 A.3d 278, 282 n.8 (Pa. Cmwlth. 2017)). However, where the issue before us is a question of law involving statutory language, our standard of review is *de novo* and the scope of review is plenary. *Diehl v. Unemployment Comp. Bd. of Rev. (ESAB Grp., Inc.)*, 57 A.3d 1209, 1216 (Pa. 2012) (citing *Slippery Rock Area Sch. Dist. v. Unemployment Comp. Bd. of Rev.*, 983 A.2d 1231, 1236 (Pa. 2009)).

P.L. 668, No. 80 (Act 80), eliminated CA benefits from the Code, except for specified categories of persons, none of which Martinez fits.[4] *Donahue v. Dep't of Pub. Welfare* (Pa. Cmwlth., No. 2086 C.D. 2013, filed June 13, 2014), slip op. at 4 n.1[5] (citing *Washington v. Dep't of Pub. Welfare*, 71 A.3d 1070, 1076 (Pa. Cmwlth. 2013) (observing that Act 80 "[e]liminated the General Assistance program of [CA] benefits")), *rev'd*, 188 A.3d 1135 (Pa. 2018) (*Washington II*).

Our Supreme Court invalidated Act 80 in 2018 as having been enacted without following the proper procedure. *Washington II*, 188 A.3d at 1153-54. However, in Section 2 of the Act of June 28, 2019, P.L. 42, No. 12 (Act 12), the legislature reenacted Section 403.2(a) of the Code, 62 P.S. § 403.2(a), as that provision had appeared in Act 80. The relevant reenacted language of Section 403.2(a) in Act 12 is identical to the pertinent language in Act 80, except that Act 12 updated the cessation date of CA benefits from August 1, 2012 to August 1, 2019. *See* 2019 Pa. HB 33, § 2 (showing original and reenacted language of Section 403.2); *Weeks v. Dep't of Hum. Servs.*, 222 A.3d 722, 725 (Pa. 2019) (stating that Act 12 reenacted Section 403.2 of the Code, which had been part of Act 80). Thus, there can be no question that Act 80 sought to eliminate CA benefits and that Act 12, by reenacting the same provision, reinstated the elimination of CA benefits. *See Weeks*, 222 A.3d at 725 (observing that Act 12 reenacted Section 403.2, which ended CA benefits while continuing MA benefits).

Accordingly, the ALJ did not err in concluding that Martinez cannot receive CA benefits, and the Bureau properly affirmed the ALJ's decision.

---

[4] *See supra* note 2.

[5] This unreported opinion is cited as persuasive precedent pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

4

## B. Denial of Sanctions

During the pendency of his petition for review before this Court, Martinez filed an application for relief asserting that photocopies of certain legislative provisions in the certified record were illegible and asking the Court to direct the Department to file legible copies. By order dated October 8, 2021, this Court initially granted the application (first order). Martinez subsequently filed another application for relief seeking sanctions for the Department's failure to comply with the first order. However, the Department then filed a response stating that it had no legible copies because those in certified record were provided by Martinez and were illegible as received. Accordingly, by order dated November 22, 2021, the Court denied the request for sanctions and relieved the Department of any obligation to comply with the first order. Martinez then filed a second request for sanctions, which this Court also denied. Martinez filed a direct appeal to our Supreme Court, which was returned unfiled because the denial of sanctions was not a final appealable order.

In his brief in support of his petition for review, Martinez again demands sanctions for the Department's failure to provide legible copies of certain legislation. As this Court has already disposed of that issue, the renewed request is dismissed as moot.

_____
CHRISTINE FIZZANO CANNON, Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gilbert M. Martinez,          :
              Petitioner   :
                     :
      v.              :
                     :
Department of Human Services,  :   No. 717 C.D. 2021
           Respondent  :

## O R D E R

AND NOW, this 24th day of May, 2022, the Department of Human Services' Final Administrative Action Order dated June 4, 2021 is AFFIRMED. Petitioner's request for sanctions is DISMISSED as moot.

_____
CHRISTINE FIZZANO CANNON, Judge