# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J.H.,                                    :
               Petitioner       :
                               :
         v.                     :   No. 271 C.D. 2023
                               :   Submitted: July 5, 2024
Pennsylvania Department of               :
Human Services,                          :
            Respondent       :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE ELLEN CEISLER, Judge
                  HONORABLE MARY HANNAH LEAVITT, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**          **FILED: August 2, 2024**

J.H. (Petitioner), pro se, seeks review of the Order of the Pennsylvania Department of Human Services (Department), Bureau of Hearings and Appeals (Bureau), which dismissed his appeal from an indicated report identifying him as a perpetrator of child abuse on the ChildLine and Abuse Registry (ChildLine) under the Child Protective Services Law (CPSL) as untimely.[1] Petitioner argues his appeal

---

[1] 23 Pa.C.S. §§ 6301-6388. Section 6303(a) of the CPSL states that an "[i]ndicated report" is

> a report of child abuse . . . if an investigation by [the Department] or county agency determines that substantial evidence of the alleged abuse by a perpetrator exists based on any of the following: (i) [a]vailable medical evidence[;] (ii) [t]he child

**(Footnote continued on next page…)**

was timely, or, in the alternative, he is entitled to *nunc pro tunc* relief. Upon review, we vacate and remand for further proceedings.

The Department mailed Petitioner a notice, bearing a mailing date of September 2, 2021, stating Petitioner was being listed in ChildLine for an indicated report of child abuse. (Certified Record (C.R.) at 14-15.) The notice advised Petitioner that, if he disagreed with the determination, he could either appeal the determination or request a hearing. (*Id.* at 14.) The notice advised either the appeal or request for a hearing "**must be postmarked within 90 days of the mailing date listed at the top of this notice**." (*Id.* (emphasis in original).) Ninety days from the mailing date would have been December 1, 2021.

In a letter to the Department from Petitioner dated December 3, 2021, postmarked December 4, 2021, and received by the Department on December 7, 2021, Petitioner filed his appeal, stating he disagrees with the notice. (*Id.* at 16-18.) By letter dated December 23, 2021, the Bureau advised Petitioner that his request for an appeal could not be reviewed as it was untimely. (*Id.* at 19.)

A telephone hearing was ultimately held in December 2022 for the sole purpose of addressing the timeliness of the appeal. In support of his appeal, Petitioner testified and submitted various exhibits, including letters dated September 7, 2021, and October 3, 2021, from him to the Department requesting certain documentation and the Department's response under the Right-to-Know Law,[2] along with an inmate mail log, reflecting correspondence to and from the Department. (Exs. A-1, A-2, A-3, A-5, C.R. at 35, 37, 39, 44-46.)

---

protective service investigation[; or] (iii) [a]n admission of the acts of abuse by the perpetrator.

23 Pa.C.S. § 6303(a).

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

Following the hearing, an Administrative Law Judge (ALJ) issued an Adjudication and Recommendation, finding as follows.[3] The Department mailed Petitioner the ChildLine notice on September 2, 2021, while Petitioner was incarcerated. (Findings of Fact (FOF) ¶¶ 1-2.) The 90-day appeal period expired December 1, 2021. (*Id.* ¶ 7.) After receiving the notice, Petitioner twice requested documentation, once in September 2021 and once in October 2021. (*Id.* ¶¶ 3-5.) On December 3, 2021, Petitioner drafted a letter seeking administrative review of the notice, which was mailed by the jail on December 4, 2021. (*Id.* ¶¶ 8-9.)

The ALJ reasoned that, under the prisoner mailbox rule, an appeal is deemed filed on the date it is deposited into the prison mail system, and the mail log submitted by Petitioner showed the appeal was submitted three days late. (ALJ Adjudication at 5-6.) The ALJ also determined Petitioner did not establish he was entitled to *nunc pro tunc* relief because Petitioner did not allege any breakdown in the administrative process or non-negligent circumstances. (*Id.* at 6.) Rather, the ALJ determined Petitioner was waiting for the documents he requested. (*Id.*) Accordingly, the ALJ recommended the appeal be dismissed as untimely. (*Id.*) The Department adopted the ALJ's Adjudication and Recommendation in its entirety by Order dated February 24, 2023.[4]

Petitioner sought reconsideration, in support of which he provided an envelope bearing postage and a date stamp of September 8, 2021, which purportedly contained the notice, which had included a "mailing date" of September 2, 2021. (C.R. at 65-69.) Reconsideration was denied. (*Id.* at 73.) Petitioner petitioned this Court for review of the Order.

---

[3] A copy of the ALJ's Adjudication and Recommendation can be found in the Certified Record at pages 57 through 63.

[4] A copy of the Order can be found in the Certified Record at page 55.

Before this Court, Petitioner argues he filed a timely appeal under Section 6341(a)(2) of the CPSL, 23 Pa.C.S. § 6341(a)(2), because he filed his appeal within 90 days of him receiving notice of the indicated report, which he calculated based on the September 8, 2021 postmark on the envelope. According to Petitioner, he actually received notice on September 11, 2021, which is supported by the inmate mail log. He asserts no evidence was supported to show the notice was actually mailed September 2, 2021, as alleged. Thus, Petitioner maintains the ALJ erred in finding his appeal was untimely filed. Petitioner asserts an Affidavit of Mailing (Affidavit) in the Certified Record was not adduced at the hearing, includes "some questionable editing spots," was addressed to an unknown person, and was not created until March 2022. (Petitioner's Brief (Br.) at 10 (citing C.R. at 15).) On the other hand, Petitioner contends he did submit evidence, namely a photocopy of an envelope in which the notice was delivered that was postmarked September 8, 2021, which supports the timeliness of his appeal. Petitioner also argues, in the alternative, that the 90 days from which he must appeal should be measured from the date he was actually informed of the report, which was September 11, 2021; thus, his appeal would be timely under this calculation, as well. Petitioner claims the ALJ did not question Petitioner about whether *nunc pro tunc* relief was warranted. Given the lack of evidence presented by the Department at the hearing, Petitioner argues the burden was improperly shifted to him. Despite this, Petitioner argues he did present evidence that shows the appeal request was timely and, as a result, the Order should be reversed and the matter remanded for him to challenge the merits of the indicated report.

The Department responds that, at the hearing, Petitioner acknowledged the appeal was untimely and did not present evidence to warrant *nunc pro tunc* relief.

4

The Department argues that under the CPSL and Department regulations, the appeal period begins to run from the mailing date, not date of receipt. Moreover, the Department asserts the notice plainly states that any appeal "**must be postmarked within 90 days of the mailing date at the top of this notice**." (Department's Br. at 7 (quoting C.R. at 48) (emphasis in original).) Finally, the Department argues the untimely appeal was the result of Petitioner miscalculating the deadline, which is not grounds for *nunc pro tunc* relief.

Pursuant to Section 6341(a)(2) of the CPSL,

> [a]ny person named as a perpetrator . . . in an indicated report of child abuse may, **within 90 days of being notified of the status of the report**, request an administrative review by, or appeal and request a hearing before, the [Secretary of Human Services] to amend or expunge an indicated report on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this chapter. The request shall be in writing in a manner prescribed by the [D]epartment.

23 Pa.C.S. § 6341(a)(2) (emphasis added).

It is well established that a timely appeal is a jurisdictional requisite. *R.H. v. Dep't of Hum. Servs.*, 205 A.3d 410, 415 (Pa. Cmwlth. 2019). There are limited exceptions for which an untimely appeal will be considered *nunc pro tunc*. Those are "where the delay in filing the appeal was caused by extraordinary circumstances involving fraud or a breakdown in the administrative process, or non-negligent circumstances related to the [petitioner], his counsel, or a third party." *Id.* at 416.

The only issues before this Court are whether the Department erred in concluding Petitioner's appeal was untimely and, if not, whether it should have allowed Petitioner to appeal *nunc pro tunc*. In regard to Petitioner's first argument, that the Department wrongly determined his appeal was untimely, Petitioner challenges the finding that the notice was mailed on September 2, 2021.

5

In *R.H.*, we determined the Department did not present sufficient evidence to support application of what is known as the mailbox rule,[5] which raises a rebuttable presumption that an item that was mailed was received if it was written and signed in the usual course of business and placed in a regular place of mailing. 205 A.3d at 414, 416. It is this evidence of custom that raises the rebuttable presumption. *Id.* at 414 (citing *Sheehan v. Workmen's Comp. Appeal Bd. (Supermarkets Gen.)*, 600 A.2d 633, 636 (Pa. Cmwlth. 1991)). In *R.H.*, the petitioner denied having received a ChildLine notice and the Department invoked the mailbox rule claiming because it was mailed and was not returned, the petitioner must have received it. On review, we held the Department, at the hearing, never presented any evidence of mailing. *Id.* at 416. Although the certified record in that case included an affidavit of mailing, it was not introduced as an exhibit at the hearing and, thus, we could not rely upon it. *Id.* (citing *L.H. v. Dep't of Hum. Servs.*, 197 A.3d 310, 314 n.5 (Pa. Cmwlth. 2018)). Accordingly, we held there was not substantial evidence to support the ALJ's findings that the notice was mailed on the date indicated. *Id.*

Here, similarly, the ALJ found the notice was mailed to Petitioner on September 2, 2021, and an Affidavit dated March 22, 2022, stating the notice was mailed on September 2, 2021, is contained in the Certified Record. (C.R. at 15.) However, as in *R.H.* and *L.H.*, the transcript does not show that the Affidavit was entered into evidence. Thus, we cannot conclude the ALJ's finding, which was

---

[5] This mailbox rule is not to be confused with the prisoner mailbox rule, which the ALJ referenced. The prisoner mailbox rule provides that because an incarcerated individual has less freedom and liberty, a document is considered filed on the date it is provided to prison authorities to mail or placed in the prison mailbox. *Nunez v. Blough*, 283 A.3d 413, 421 n.12 (Pa. Cmwlth. 2022).

adopted by the Department, is supported by substantial evidence given the dearth of evidence to support its mailing date.[6]

Even if the Affidavit were properly before the Court, there are other issues with the Affidavit that also cause the Court concern. For instance, while the Affidavit contains the same ChildLine Report Number as Petitioner's, it states the notice was mailed to a "Peter J. Carlson" at the Pike County Jail. (*Id.*) In addition, Petitioner, in support of his motion for reconsideration, provided an envelope from the Department addressed to Petitioner bearing postage dated September 8, 2021, and a date stamp of the same date, which purportedly contained the notice. (*Id.* at 65-69.) Finally, the inmate mail log that Petitioner introduced at the hearing only reflects one incoming letter from the Department in September 2021 and that was on September 11, 2021. (C.R. at 44.) This casts doubt on whether the notice was in fact mailed on September 2, 2021, or sometime later.[7]

Although Petitioner here acknowledges receiving the notice, which is unlike the petitioner in *R.H.* who denied receiving the same, the actual date of mailing is crucial in this matter. This is because if the notice was not mailed until September 8, 2021, as the postage and postmark on the envelope suggests, Petitioner's December 3, 2021 appeal is timely and the merits of Petitioner's appeal of the ChildLine indicated report should be adjudicated.

Because the finding related to date of mailing is not supported by substantial evidence, we vacate the Department's Order and remand for further proceedings to explore the actual date of mailing of the notice. *See C.E. v. Dep't of Pub. Welfare*,

---

[6] The ALJ does not explicitly state the mailbox rule was being applied here, but the rationale of *R.H.* applies notwithstanding. Simply put, there was no evidence presented as to the date of mailing, aside from the notice itself, which states it was mailed on September 2, 2021.

[7] The Court notes September 2, 2021, was a Friday, and the following Monday was Labor Day.

97 A.3d 828, 834 (Pa. Cmwlth. 2014) (vacating and remanding for an ALJ to make credibility determinations and findings as to the timeliness). Upon remand, for the sake of judicial economy, the Department should also take evidence as to the merits of Petitioner's appeal of the ChildLine notice.

_____

**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J.H.,                                          :
               Petitioner              :
                         :
           v.                                :  No. 271 C.D. 2023
                         :
Pennsylvania Department of                     :
Human Services,                                :
               Respondent              :

# **O R D E R**

**NOW**, August 2, 2024, the Order of the Pennsylvania Department of Human Services, Bureau of Hearings and Appeals, dated February 24, 2023, is **VACATED**, and this matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

 

 

**RENÉE COHN JUBELIRER,** President Judge