IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cheryl E. Leibig, :
              Petitioner :
               :
          v. :
               :
Department of Human Services, : No. 114 C.D. 2023
              Respondent : Submitted: August 9, 2024


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                         FILED:  September 3, 2024


Cheryl E. Leibig (Claimant) petitions, pro se, for review of the Department of Human Services' (Department) Acting Secretary's (Secretary) December 1, 2022 order denying reconsideration of the Department's Bureau of Hearings and Appeals' (BHA) October 20, 2022 final administrative action (Final Order). The sole issue before this Court is whether the Secretary abused her discretion by denying Claimant's reconsideration request. After review, this Court affirms.

Claimant signed a Disqualification Consent Agreement (DCA) on May 9, 2013, after receiving a third intentional program[1] violation (IPV). On June 1, 2013, the Office of State Inspector General notified Claimant that she was permanently disqualified from receiving Supplemental Nutritional Assistance Program (SNAP) benefits.

---

[1] The program at issue herein is the Supplemental Nutritional Assistance Program.

On August 11, 2022, Claimant filed an application for SNAP benefits. The Carbon County Assistance Office (CAO) denied Claimant's application on August 12, 2022, and mailed her a notice thereof on August 15, 2022. On August 15, 2022, Claimant appealed to the Department, claiming that the CAO erred by denying her SNAP benefits under Section 273.16(b) of the federal Department of Agriculture's Regulations (DAR).[2] An Administrative Law Judge (ALJ) held a hearing on October 5, 2022, and denied Claimant's appeal on October 12, 2022. Claimant appealed to the BHA, which issued its Final Order affirming the ALJ's decision on October 20, 2022. On November 3, 2022, the Department received Claimant's request for reconsideration of the BHA's Final Order. By December 14, 2022 order, the Secretary notified Claimant that reconsideration was denied by operation of law on December 1, 2022.[3] *See* Section 35.241(d) of the General Rules of Administrative Practice and Procedure, 1 Pa. Code § 35.241(d) ("Unless the agency head acts upon the application for rehearing or reconsideration within 30 days after it is filed, . . . the application shall be deemed to have been denied."). Claimant appealed to this Court.

---

[2] 7 C.F.R. § 273.16 (2017) (relating to disqualifications for intentional program violations).

[3] This Court recognizes that the order denying reconsideration was issued *after* the Secretary lost jurisdiction to enter it. Without jurisdiction to enter the order, the order is a nullity. However, the Secretary's order expressly stated: "[Claimant] may take issue with this [o]rder [d]enying [r]econsideration by appealing to the Commonwealth Court of Pennsylvania within thirty (30) days from the date of this [o]rder . . . ." DHS Dec. 14, 2022 Order Denying Reconsideration. "Accordingly, this Court will treat [Claimant's] instant appeal as a petition for leave to appeal *nunc pro tunc* from the [deemed denial] and grant the petition." *L.H. v. Dep't of Hum. Servs.*, 197 A.3d 310, 313 (Pa. Cmwlth. 2018); *see also H.D. v. Pa. Dep't of Pub. Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000) ("An appeal *nunc pro tunc* may be allowed where the delay in filing the appeal was caused by extraordinary circumstances involving . . . some breakdown in the administrative process[.]") (italics added).

Initially, Section 273.16(c) of the DAR provides, in relevant part:

> Definition of [IPV]. [IPVs] shall consist of having intentionally:
>
> (1) Made a false or misleading statement, or misrepresented, concealed[,] or withheld facts; or
>
> (2) Committed any act that constitutes a violation of SNAP, SNAP regulations, or any [s]tate statute for the purpose of using, presenting, transferring, acquiring, receiving, possessing[,] or trafficking of SNAP benefits or [electronic benefit transfer] cards.

7 C.F.R. § 273.16(c) (2017).

For individuals who are found guilty of an IPV, Section 273.16(b) of the DAR also declares:

> Disqualification penalties.
>
> (1) **Individuals found to have committed an** [**IPV**] either **through** an administrative disqualification hearing or by a [f]ederal, [s]tate[,] or local court, or who have signed either a waiver of right to an administrative disqualification hearing or **a** [**DCA**] in cases referred for prosecution, **shall be ineligible to participate in the Program**[, **i.e.**, **SNAP**]:
>
> . . . .
>
> (iii) **Permanently for the third occasion of any** [**IPV**].

7 C.F.R. § 273.16(b) (2017) (emphasis added).

In addition, Section 910.7 of the SNAP Handbook, entitled Disqualification for IPVs, specifies, in pertinent part:

> **An individual will be disqualified from participating in the** Cash Assistance and/or **SNAP programs** if:
>
> a federal or state court finds that the individual committed fraud in applying for or receiving benefits;

the individual is found through an Administrative Disqualification Hearing [] to have committed an [IPV];

**the individual signs a [DCA] as part of the court's deferred adjudication process**[.]

Certified Record (C.R.) at 20 (bold emphasis added).

This Court observes that Claimant appealed from the denial of her reconsideration request, not from BHA's October 20, 2022 Final Order. Thus, the underlying merits of Claimant's contentions are not before this Court, and our analysis is in accordance with the standard of review for orders denying reconsideration.

This Court has explained:

An agency's decision to grant or deny a request for reconsideration is a matter of discretion and will be reversed only where that discretion is abused. *Keith v. Dep*['t] *of Pub*[.] *Welfare*, . . . 551 A.2d 333, 336 ([Pa. Cmwlth.] 1988). An abuse of discretion will only be found where the evidence shows there was fraud, bad faith, capricious action or abuse of power. *J.B. Steven, Inc. v. Dep*['t] *of Transp*[.], . . . 627 A.2d 278, 280 ([Pa. Cmwlth.] 1993) . . . .

*K.G. v. Dep't of Hum. Servs.*, 187 A.3d 276, 279 (Pa. Cmwlth. 2018). Here, Claimant's three IPVs and the DCA prohibited her from receiving SNAP benefits. Accordingly, this Court holds that the Secretary's denial of Claimant's reconsideration request did not constitute an abuse of discretion.

For all of the above reasons, the Secretary's order is affirmed.

_____
ANNE E. COVEY, Judge

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cheryl E. Leibig,                          :
                    Petitioner             :
                                           :
        v.                                 :
                                           :
Department of Human Services,              :     No. 114 C.D. 2023
                    Respondent             :

### O R D E R

AND NOW, this 3rd day of September 2024, the Acting Secretary of Human Services' December 1, 2022 order is affirmed.

_____
ANNE E. COVEY, Judge

.