IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Luz N. Saray, | : | CASES CONSOLIDATED |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | No. 1458 C.D. 2024 |
| Respondent | : | |
| | | |
| Luz Saray, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | No. 1459 C.D. 2024 |
| Respondent | : | Submitted: February 3, 2026 |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE STELLA M. TSAI, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                                    FILED: March 16, 2026

Luz N. Saray (Saray) petitions *pro se* for review from two orders of the Unemployment Compensation Board of Review (Board) dated August 21, 2024, dismissing Saray's appeals to the Board from decisions of a Referee that denied Petitioner unemployment compensation (UC) benefits. The Board concluded that Saray's appeals were untimely pursuant to Section 502 of the Unemployment

Compensation Law (UC Law).[1]  Upon review, we are constrained to quash Saray's petition for review for lack of jurisdiction.

The facts underlying this matter are straightforward.  On March 8, 2021, Saray filed a claim for UC benefits.[2]  *See* Claim Information, Certified Record (C.R.) at 3.  On August 2, 2021, the Department of Labor and Industry, Office of Unemployment Compensation Benefits (Department) mailed a Disqualifying Separation Determination (Department Determination), determining that, pursuant to Section 402(b) of the UC Law, 43 P.S. § 802(b),[3] Saray did not qualify for UC benefits.  *See* Department Determination, C.R. at 20-31.  Saray timely appealed the Department Determination (Department Determination Appeal) the following day, August 3, 2021.  *See* Department Determination Appeal, C.R. at 33-61.  The Department acknowledged the Department Determination Appeal on August 4, 2021, and thereafter scheduled a telephonic hearing (Referee's Hearing) on the matter to be conducted on September 8, 2021.  *See* Acknowledgement of Appeal to Referee, C.R. at 66-69; Notice of Telephone Hearing UC Appeal, C.R. at 71-94.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822.

[2] Technically, Saray filed two claims that the Department of Labor and Industry docketed as Claim Nos. 404558 & 4525173, which the Board disposed of by UC Board of Review Decision and Orders at Board Docket Nos. 2023007852-BR and 2023007853-BR, respectively.  Saray appealed both the Board's decisions, which appeals this Court docketed at 1458 CD 2024 and 1459 CD 2024 and consolidated by Order dated May 15, 2025.  *See* Commonwealth Court Order exited May 15, 2025.  To avoid confusion, we refer herein to these Board decisions and the appeals thereof collectively as a single decision and appeal.

[3] Section 402(b) of the UC Law provides that an employee shall be ineligible for UC benefits in any week in which her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.  *See* 43 P.S. § 802(b).

Following the Referee's Hearing,[4] on September 13, 2021, the Referee mailed an Appeal Referee Decision (Referee's Decision)[5] that disallowed Saray UC benefits pursuant to Section 402(b) of the UC Law after the claim week ending April 10, 2021. *See* Referee Decision at 2-3 & 5, C.R. at 98-99 & 101; *see also* UC Board of Review Decision and Order mailed August 21, 2024 (Board Decision) at 1, C.R. at 133. The Referee's Decision instructed Saray regarding the requirements to timely appeal the Referee's Decision, which in the instant matter needed to be done by October 4, 2021.[6] *See* Board Decision at 1, C.R. at 133.

Nearly 15 months later, on January 30, 2023, Saray appealed the Referee's Decision (Referee's Decision Appeal). *See* Referee Decision Appeal, C.R. at 108-14. On November 28, 2023, the Board advised Saray by letter that the Referee's Decision Appeal appeared to be untimely. *See* Board Letter dated November 28, 2023 (Board Letter), C.R. at 124. The Board Letter explicitly advised Saray:

> If you believe that you filed your appeal within the twenty-one (21) day period or that it should be deemed timely for

---

[4] The Certified Record does not include a transcript of the Referee's Hearing. *See* C.R. Item 9, C.R. at 95 (indicating Referee's hearing not transcribed due to untimely appeal). We observe, however, that because the instant appeal concerns Saray's failure to timely appeal the September 13, 2021 Appeal Referee Decision (Referee's Decision) to the Board, we are able to review and determine this matter in the absence of a transcript of the Referee's Hearing.

[5] The Referee also sent Saray the Referee's Decision via email, Saray's preferred method of communication, on September 10, 2021. *See* Board Decision at 1, C.R. at 133.

[6] The Referee's Decision incorrectly advised Saray that she had 15 days, or until September 28, 2021, to timely appeal the Referee's Decision. *See* Referee's Decision at 6, C.R. at 102; *see also* Board Decision at 1, C.R. at 133. In fact, a change in the UC Law meant that Saray had 21 days, or until October 4, 2021, to timely appeal the Referee's Decision. *See* Board Decision at 1, C.R. at 133.

other reasons, **you must request in writing that a hearing be scheduled** to allow you the opportunity to set forth your reasons as to why you believe your appeal was timely filed. Please mail your request to the Board at the above letterhead address. Any such hearing involves only the issue of whether the appeal was timely filed. No ruling is made on the merits of the case unless the appeal is first ruled timely.

Board Letter (emphasis in original), C.R. at 124. The Board further advised that, "[u]nless the Board receives a reply, **specifically requesting a hearing on the timeliness issue**, postmarked ***by December 13, 2023***, it will proceed to issue an appropriate order." *Id.* (emphasis in original). Saray sent a written response to the Board Letter (Response Letter) that addressed the substantive arguments of the Referee Decision Appeal but did not request a hearing on the timeliness issue. *See* Response Letter received December 11, 2023, C.R. at 126-31; *see also* Board Decision at 2, C.R. at 134.

On August 21, 2024, the Board mailed the Board Decision finding that the Referee Decision Appeal was untimely filed under Section 502 of the UC Law and dismissing the Referee Decision Appeal as a result. *See* Board Decision at 2, C.R. at 134. The Board Decision advised Saray that she had 30 days from the date of the Board Decision to timely appeal the Board Decision.[7] *See* Board Decision at 3, C.R. at 135. Additionally, the Board Decision expressly indicated in bold print

---

[7] We observe that attached to the Board Decision is a notice in 21 languages, explaining: 1) that the Board Decision contains important information about UC rights, responsibilities, and/or benefits; 2) that the recipient must file an appeal before the deadline listed on the Board Decision (September 20, 2024); and 3) that free translation services are available to help the recipient understand the information in the Board Decision, if necessary, with a number for the recipient to call to avail themselves of the service. *See* Notice attached to Board Decision, C.R. at 137-41.

4

that the final day to appeal the Board Decision was September 20, 2024. *See* Board Decision at 1, C.R. at 133.

Saray petitioned this Court for review on September 24, 2024 (Petition for Review), 34 days after the mailing date of the Board Decision.[8] On April 17, 2025, the Court issued an Order indicating that Saray's Petition for Review may be untimely and directing the parties to address the issue of whether the Petition for Review was timely filed in their principle briefs on the merits or in an appropriate application for relief. *See* Commonwealth Court Order dated April 17, 2025. The parties have filed their briefs and the matter now comes before the Court for disposition.

Ordinarily, our review of the Board's dismissal of an untimely appeal of an underlying decision by a referee would consist of a review of the record to determine whether constitutional rights were violated, whether the underlying adjudication is in accordance with the law, and whether necessary findings of fact underpinning the underlying determination are supported by substantial evidence. *See* 2 Pa.C.S. § 704. However, in the instant matter, we must determine in the first instance whether Saray's appeal to this Court was timely.

Pennsylvania Rule of Appellate Procedure 1512(a)(1) provides: "A petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa.R.A.P. 1512(a)(1); *see also* 42 Pa.C.S. § 5571(b) ("an appeal from a tribunal or other

---

[8] The 30th day after the mailing of the Board Decision – September 30, 2024 – was a Friday. The mailing date from the envelope that contained the *pro se* letter stating Saray's desire to appeal the Board Decision indicates it was mailed on September 24, 2024. Upon receipt the following day, the Court sent Saray notification that it would preserve the September 24, 2024 date as her filing date if she complied with instructions to file an ancillary petition for review, with which instructions she complied on October 23, 2024.

government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order."). Further, Pennsylvania Rule of Appellate Procedure 105(b) provides:

> An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but ***the court may not enlarge the time for filing a notice of appeal***, a petition for allowance of appeal, a petition for permission to appeal, a petition for review, or a petition for specialized review.

Pa.R.A.P. 105(b) (emphasis added). "'It is well established that the failure to timely appeal an administrative agency's action is a jurisdictional defect. The time for taking an appeal therefore cannot be extended as a matter of grace or mere indulgence.'" *V.S. v. Dep't of Pub. Welfare*, 131 A.3d 523, 527 (Pa. Cmwlth. 2015) (quoting *J.C. v. Dep't of Pub. Welfare*, 720 A.2d 193, 197 (Pa. Cmwlth. 1998) (citation omitted)); *H.D. v. Dep't of Pub. Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000) (same).

"An exception allows [a petitioner] to proceed *nunc pro tunc* where [s]he [] can demonstrate that the delay in requesting an appeal was caused by extraordinary circumstances involving fraud, a breakdown in the administrative processes, or non-negligent circumstances related to the respondent, [her] counsel[,] or a third party." *Beaver Cnty. Child. & Youth Servs. v. Dep't of Pub. Welfare*, 68 A.3d 44, 48 (Pa. Cmwlth. 2013) (emphasis added). Specifically, "[t]he exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly

6

established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2011) (noting several examples of unforeseeable and unavoidable events, as well as examples of foreseeable and avoidable events). An appellant seeking to appeal *nunc pro tunc* also has the burden of proving that: "(1) [s]he filed the appeal within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed period of time is of short duration; and (3) the respondent is not prejudiced by the delay." *R.H. v. Dep't of Hum. Servs.*, 205 A.3d 410, 414 (Pa. Cmwlth. 2019).

Here, the Board Decision was mailed August 21, 2024. Saray therefore had 30 days, or until September 20, 2024, to timely file an appeal thereof. The Board Decision expressly advised Saray of this appeal time period/deadline. However, Saray did not file her Petition for Review until September 24, 2024, 34 days after the date of the Board Decision and 4 days after the expiration of the deadline to appeal. The Petition for Review is therefore facially untimely. Saray offered no argument for *nunc pro tunc* relief in her Petition for Review and, despite this Court's direction, she offered no argument in her brief regarding the untimeliness of the Petition for Review. *See* Saray's Br. at 9-11b.[9] As a result, we lack jurisdiction to consider this matter and are constrained to quash the petitions for review.

---

[9] Saray's brief includes two pages marked as Page 11. *See* Saray's Brief at 11a-11b. We treat the first Page 11 and Page 11a and the second Page 11 as Page 11b. Further, we observe that the argument portions of Saray's brief are written in Spanish. *See* Saray's Br. at 9-11b. In its brief, the Board provides a translation of the Spanish argumentation contained in Saray's brief. *See* Board's Br. at 10 n.4. We note that this translation makes evident that the arguments contained in Saray's brief pertain to her underlying UC claim, not the timeliness thereof. *See* Board's Br. at 10 n.4; Saray's Br. at 9-11b.

For the above reasons, we quash the petitions for review.


_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Luz N. Saray, | : | CASES CONSOLIDATED |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | No. 1458 C.D. 2024 |
| Respondent | : | |
| | | |
| Luz Saray, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | No. 1459 C.D. 2024 |
| Respondent | : | |

# **O R D E R**


AND NOW, this 16th day of March, 2026, the petitions for review are QUASHED.


_____
CHRISTINE FIZZANO CANNON, Judge